STATE, *ex rel.* VERA RICHARDSON, alias VERA REIDLIN, alias VERA SINGLETON, v. W. H. LAWRENCE, as Sheriff, Palm Beach County.

163 So. 231.

Division B.

Opinion Filed September 16, 1935.

A case of original jurisdiction—habeas corpus.

*Gedney, Johnston & Lilienthal,* for Petitioner;

*Beacham & Gaulden,* for Respondent.

BUFORD, J.—This is an original habeas corpus proceeding instituted in this Court. It is contended that the petitioner

is unlawfully restrained of her liberty by the Sheriff of Palm Beach County in that she is held under a capias issued pursuant to the filing of an information in the Criminal Court of Record in and for Palm Beach County and that such unlawful restraint is occasioned by the fact that the information charges no offense against the laws of the State of Florida. The information charges:

"That Vera Ricrardson, alias. Vera Reidlin, alias Vera Singleton, of the County of Palm Beach and State of Florida, on the 16th day of August in the Year of Our Lord, one thousand, nine hundred and thirty-four, in the County and State aforesaid, did unlawfully, voluntarily, deliberately and willfully, under oath, then and there legally administered to her by May Healy, a Notary Public of the State of Florida at large, the said May Healy being then and there duly authorized by law to administer said oath, in a case where it was necessary to the due and legal execution of a document, to-wit: an application for a marriage license, to be attested and published under the seal of the said office of said Notary Public, voluntarily and falsely swear that her name was Vera Singleton and that she had never been married before and whereas in truth and in fact her name was Vera Richardson and she had been married before and was then and there the lawfully wedded wife of one man, Richardson, whose first name and initials are to the County Solicitor unknown, and the said Vera Richardson knew said statements to be false when she so made them, and willful and corrupt perjury, she, the said Vera Richardson, in the manner and form aforesaid, did then and there commit."

The question for our determination is whether or not the petitioner was required or authorized to make an affidavit containing the alleged false statement.

Section 2 of Chapter 7828, Acts of 1919, provides in part as follows:

"Sec. 2. That no County Judge in this State shall issue a license for the marriage of any persons, unless there shall be first presented and filed with him an affidavit in writing signed by both parties to the marriage, made and subscribed before some person authorized by law to administer an oath, reciting the true and correct ages of such parties, and unless both such parties shall be over the age of twenty-one years."

This section of the Act appears as Section 5850 C. G. L.

Section 3933 R. G. S., 5848 C. G. L., provides in part as follows:

"Every marriage license shall be issued by the county judge of the county wherein the woman resides, under his hand and seal, and it shall be the duty of said county judge to issue such license, upon payment of his fee of two dollars, if there appear to be no impediment to the marriage."

Section 415 R. G. S., 481 C. G. L., provides as follows:

"In all cases where it may be necessary to the due and legal execution of any writing or document whatever to be attested, protested or published under the seal of his office, any notary public may administer an oath, and make certificate thereof, which shall have the same effect as if administered and certified by a justice of the peace; and any person making a false oath before a notary public shall be guilty of perjury in like manner as if the same was made before any justice of the peace of this State, and be subjected to the like penalties, forfeitures and disabilities as are prescribed by law in cases of willful and corrupt perjury."

Section 5341 R. G. S., 7474 C. G. L., provides as follows:

"Whoever, being duly authorized or required by law to take oath or affirmation, not in a judicial proceeding, willfully swears or affirms falsely in regard to any material mat-

ter or thing, respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury, and shall be imprisoned in the State prison not exceeding twenty years."

Now we have no statute which specifically requires the application for marriage license to show upon its face that there are no impediments to the marriage, but, the county judge is only authorized to issue a marriage license when it appears there are no impediments to the marriage. Sec. 3933 R. G. S., 5848 C. G. L.

It is further provided by Section 2 of Chapter 7828, *supra,* Sec. 5850 C. G. L., that no county judge in this State shall issue a license for the marriage of any person unless there shall be first presented and filed with him an affidavit in writing signed by both parties to the marriage, made and subscribed before some person authorized by law to administer oaths, reciting the true and correct ages of such parties.

Certainly, under the provisions of Sec. 3933 R. G. S., 5948 C. G. L., the county judge is authorized and required to issue the marriage license only in the event that there appear to be no impediment to the marriage. Therefore, before the parties proposing to engage in the marriage may require the county judge to issue a license, it devolves upon them, if the county judge so require, to make it appear that there is no impediment to the marriage. The information here charges that this petitioner did make it appear by her affidavit made before a notary public that the impediment of an existing marriage did not exist when in truth and in fact that impediment did exist. For an affidavit made before a notary public to be legally and duly executed, it must be attested and published under the seal of the office of said notary public. So it appears on the face of the information that the petitioner being duly authorized by law to take an

oath not in a judicial proceeding did willfully swear falsely to a material matter respecting which such oath may be authorized and, therefore, comes squarely within the purview of Section 5341 R. G. S., 7474 C. G. L., because the information alleges that the oath was authorized.

So, although the information does not charge in terms that the affidavit on which the charge of perjury was based was required by the County Judge to be made by a person proposing to enter into a marriage contract, it does not entirely fail to charge the offense denounced by the statute above cited and, therefore, is sufficient to withstand attack by habeas corpus. We do not mean to indicate that it should stand against motion to quash.

In the case of Milligan v. State of Florida, 103 Fla. 295, 137 Sou. 288, we held:

"Chapter 7828, Acts of 1919, provides that no marriage license shall be issued unless there shall be first presented and filed with the County Judge an affidavit in writing signed by both parties to the marriage, stating certain facts, but the statute does not provide for affidavit of strangers to the marriage, and if a false affidavit was made and filed by a stranger to the marriage impersonating one of the parties, such affidavit is a complete nullity and wholly unauthorized by law so that it cannot support a charge of perjury in making the affidavit which was only authorized to be made by one of the parties to the marriage."

We are mindful of what was said in the case of Collins v. State, 33 Fla. 446, 15 Sou. 220, but what was said there was not in conflict with the conclusion which we reach in this case. In that case the affidavit involved was neither authorized nor required. In this case it is not required by statute, but it is authorized when it is required by the county judge issuing a marriage license in the exercise of his right

and power to ascertain the status of the contracting parties about to enter into a marriage. And we hold that a false oath as to the existence or non-existence of a material fact such as that described in the information when made by one of the parties proposing to enter into the marriage contract and when required by the county judge to be made, and when made for the purpose of concealing the existence of the legal impediment to the marriage comes within the purview of Sec. 5341 R. G. S., 7474 C. G. L. Therefore, the petitioner should be remanded to the custody of the Sheriff, the respondent in this case.

It is so ordered.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (specially concurring).—The charge stated against the accused wholly fails to allege directly or inferentially that the County Judge, acting under any power existing in him as such judge, exacted or required the defendant to file the alleged false affidavit pursuant to any lawful inquiry being made by such County Judge as to the existence of any suspected impediments to the marriage for which a license was being sought. Such defect amounts to an inartificiality in pleading reachable by a motion to quash the information for such defect.