MATHEWS, Justice.
This is an appeal from a final judgment in favor of the appellee in an attachment proceeding and also in favor of appellant on a claim by the appellee for affirmative relief.
The parties had entered into a partnership agreement to engage in the transportation by air of lobsters and other sea food from the Bahama Islands, and to accomplish this purpose they bought an airplane. The appellant advanced to the appellee the sum of $1,500 to apply on the purchase of the airplane, the title to which was taken solely in the name of the appellee. The appellant brought suit and alleged that with his consent the appellee sold appellant’s interest in the airplane to a third party for $4,200, and in spite of repeated demands had refused to pay over to appellant the sum of money and had converted it to his own use. Writ of attachment was executed by the Sheriff, taking in his possession another airplane owned by the appellee. Later, the appellee moyed to quash the writ of attachment on the ground that the appellant had failed to set forth any ground as would constitute a ground for the issuance of the writ of attachment. After hearing on this motion, the Circuit Judge allowed the appellant to amend the affidavit of attachment,and thereupon the appellant filed a new affidavit. The appellee then filed a sworn motion to dissolve the attachment upon the grounds: (1) that the airplane owned by the appellant and appellee had crashed and was a total loss while so owned, and (2) that there was not any indebtedness due to the appellant. Appellee also- filed a claim for affirmative reliéf alleging damages on account of the appellant suing out the writ of attachment.
Thereafter a hearing was had before the Circuit Judge on all issues; that is to say, upon the appellee’s motion to dissolve the attachment and claim for affirmative relief, and the appellant’s claim for the debt alleged in the complaint. As neither party requested a trial by jury, a jury trial was waived. After having heard all of the testimony offered by both parties, the'trial judge made and entered the following order:
“This cause coming on to be tried before the court without a jury and, after having heard the testimony and evidence produced, the court being fully advised in the premises, it is
*809 “Ordered and Adjudged that judgment be and it is hereby entered in favor of the defendant, William F. Patterson, Jr.; and against the plaintiff, Rudolph J. Marek, Jr., that plaintiff take nothing by his complaint and that said defendant go hence without day, and recover his costs in this cause expended.
“It is further Ordered and Adjudged that judgment be and it is hereby entered in favor of the plaintiff, and against the defendant upon defendant’s claim for affirmative relief.”
Neither party is satisfied with the judgment. The.,appellant is satisfied with that part of the judgment entered in his favor and against appellee on appellee’s counterclaim for affirmative relief, but assigns as error that part denying his main claim upon which the suit was based. The ap-pellee is satisfied with that part of the judgment denying appellant’s claim, but assigns as error that part denying him affirmative relief. Assignments and cross-assignments of error were filed raising these questions.
There was sufficient evidence before the trial judge upon which the judgment was based and as the testimony was taken before him personally, his judgment should not be disturbed on appeal, unless it was error to pass upon the counterclaim for damages arising out of the transaction; that is, the subject matter of the original action, and unless the presence of a third party is necessary.
No third party was involved. F.S. § 52.11, F.S.A. provides as follows:
“(1) Compulsory counterclaim. — The defendant, at the time of the filing of his pleas, shall state as a counterclaim, any claim, whether the subject of a pending action or not, which he has against the plaintiff, arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.” (Emphasis supplied.)
Certainly the claim for damages arose out of the transaction or occurrence that was the subject matter of the action. The appellee of his own free will and accord filed a .counterclaim and submitted the entire matter to the Court -without a jury. At this late date he cannot now urge that the Court was without jurisdiction to hear and pass upon the counterclaim and that the same should have been determined in a new or independent suit.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.