112 So.2d 587 (1959)
Anthony CLAUSI, Jr., doing nusiness as Auto Wholesaler, Appellant,
v.
CASNER MOTORS, INC., a Florida corporation, Appellee.
No. 58-300.
District Court of Appeal of Florida. Third District.
June 2, 1959.
*588 Henry R. Carr and Marshall G. Curran, Jr., Miami, for appellant.
Maynard Abrams and Paul Koenig, Hollywood, for appellee.
PER CURIAM.
This was a law action by the appellant to recover sums of money on which it was alleged that usurious rates were charged in violation of § 687.07, Fla. Stat., F.S.A. The appellee generally denied the material allegations of the complaint and counterclaimed for a money judgment for sums advanced to the appellant but not repaid.
Upon agreement of counsel for the parties, the cause was tried before the court without a jury. The trial judge rendered final judgment against the appellant on his complaint, and in favor of the appellee on its counterclaim, finding that the appellant had not proved by a preponderance of the evidence that the transactions were tainted with usury, and further, that appellee had proved by a preponderance of the evidence that the appellant was indebted to the appellee for sums of money advanced by the appellee. It is from this final judgment that the appeal was taken.
The appellant presents two questions for review, both of which challenge the sufficiency of the evidence to support the trial judge's finding. The trial of the cause resulted in a sharp conflict in testimony as to the intentions of the parties regarding the multiple business transactions between them. It was the duty of the trial judge, sitting in the place and stead of the jury, to reconcile these conflicts. The fact that he reconciled the conflicts adverse to appellant presents little basis for review by this court.
The sum and substance of the record presented reflects the court's findings of fact based upon conflicting evidence. The parties stipulated to a hearing before the trial judge without the assistance of a jury. An appellate court would not be warranted in disturbing the findings of the trial judge unless they were clearly erroneous. See Marek v. Patterson, Fla. 1954, 75 So.2d 808; First Atlantic National Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870; In re Thompson's Estate, Fla. 1955, 84 So.2d 911; Holland v. Gross, Fla. 1956, 89 So.2d 255, 63 A.L.R.2d 920.
Accordingly, the judgment is affirmed.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.