MURPHREE, JOHN A. H., Associate Judge.
This appeal arises out of a suit to prevent the payment of an attorney’s fee to the Mayor’s lawyer in a suit against the other members of the City Council of Cocoa, Florida. Essentially, the object of the suit was to determine by a declaratory decree the respective rights and duties of the May- or and of the City Manager under the Charter and City Ordinance No. 1273. Indeed, *585 it was a suit to test the validity of said ordinance.
The Mayor in his complaint alleged that a conflict of authority had arisen between him and the City Manager, particularly with respect to the operation of the Police Department; that the Chief of Police had refused to carry out his orders, and his judicial decrees as City Judge, unless transmitted directly through the City Manager; and that confusion was caused by such conflict of authority as the result of the ambiguous nature of the City Charter and of Ordinance No. 1273, as well as by the questionable legality of said ordinance.
The charter of the City provides for a Mayor-Council form of government, Chapter 13963, Sp.Laws of Florida 1929, and prescribes the powers and duties of the various elective officers, including the May- or. It makes the Mayor the administrative head of the city government. It charges him with the responsibility of seeing that all ordinances are faithfully executed. It further provides that the Mayor may recommend for suspension any officer or employee engaged by the City and authorizes him to appoint a Chief of Police and such additional police officers as the City Council might recommend.
City Ordinance No. 1273 created the office of City Manager. It was enacted under a provision of the charter granting to the City Council the right to create other offices as found advisable for good government and to provide for their tenure, duties and compensation. The ordinance provides that the City Manager shall recommend to the Mayor the appointment of the Chief of Police and the removal or suspension of such officer. It further provides that the City Manager’s recommendation in this regard shall be presumed correct, unless it appears to be an abuse of discretion. Also, the City Manager is charged with the responsibility of seeing that all laws and ordinances of the city are enforced. In fine, this ordinance practically amounts to the establishment of a City Manager form of government without the sanction of the State Legislature.
Although Ordinance No. 1273 was enacted in 1945, no City Manager was appointed until 1947, following a defeat at the polls by the voters of the City of Cocoa of a proposed new charter which would have established a City Manager form of government. Chapter 24437, Special Acts of 1947, Laws of Florida.
It was necessary for the Mayor to employ independent counsel, Edward J. Hunter (appellant), to establish his contentions, because the City Attorney represented the other members of the City Council, who opposed any interference with the City Manager set-up.
With the case resting upon the complaint and undisposed of motions of the defendants, a city election was held in which those Councilmen opposing the Mayor and supporting the City Manager were defeated. The new Council thereupon repealed Ordinance No. 1273, so the questions raised in the Mayor’s action became moot. The suit was then dismissed by common consent.
The City Council forthwith proceeded to approve and authorize the payment of an attorney’s fee to the Mayor’s lawyer, but directed that the money be placed in escrow for 90 days to allow any interested party to show cause why it should not be paid.
As taxpayers, William J.-Carmichael and his father (appellees) filed suit against the escrow agent, the City of Cocoa and Edward J. Hunter (appellant), challenging the propriety and legality of the payment of said attorney’s fee. In their complaint they alleged that the claim was not just, was beyond the corporate power of the City to pay, was not for a municipal purpose nor of benefit to the municipality, that the charge was unreasonable and that the action of the Council in approving payment of said attorney’s fee was a gross abuse of discretion.
Attorney Hunter took issue with said allegations of the complaint by his an *586 swer. Thus the burden was cast upon the Carmichaels to prove their case by a preponderance of the evidence.
At the trial the Carmichaels contented themselves with mere proof of their right to bring the suit as taxpayers and then rested their case. Evidently, to complete the proof of their case, they relied upon the findings of fact contained in the trial judge’s order which was entered at the hearing on the motions for summary judgment. About all the Carmichaels can find of comfort there, however, is that the Mayor’s suit for declaratory decree never came to issue and while resting upon the complaint and undis-posed of motions of the defense was voluntarily dismissed by the parties to the suit.
With the case in that state, Hunter offered no proof in support of his answer, but rested his case and moved for a dismissal of the cause.
It is to be observed that the complaint in the Mayor’s suit was attached as an exhibit and made a part of the complaint in the Carmichael suit, which is here on appeal. Likewise, Ordinance No. 1273 was made a part of said complaint, and the Court will take judicial notice of the Charter of the City of Cocoa, since it is an act of the State Legislature. Also made a part of said complaint was the result of the referendum election whereby the proposed City Manager form of government was rejected by, the voters of the City of Cocoa.
It thus appears from the four corners of the Carmichaels’ own complaint, prima facie, at least, that the decision of the City Council in authorizing payment of the Mayor’s attorney for his services in that suit was for a valid municipal purpose and was not a gross abuse of discretion by the City Council, as alleged.
By approving the said attorney fee the City Council of necessity found it to have been incurred by the Mayor not for personal aggrandizement, but for a municipal purpose, and that it was a proper charge against the funds of the City under the Charter powers of the City Council. Article II, Sec. 1(3) of the City Charter.
It will be presumed that public officials properly perform their duties in accordance with the law. Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F.2d 506. It was therefore incumbent upon the Car-michaels to overcome such presumption and they failed to do it.
The Carmichaels took the position that all they had to do at the trial was to prove their status as taxpayers and suggest the illegality of the payment of said attorney’s fee, relying upon Wester v. Belote, 103 Fla. 976, 138 So. 721, 726. In that case, however, the Supreme Court said:
“* * * An injunction by a taxpayer will not be granted to restrain the exercise of discretionary powers of county commissioners as to contracts and expenditures in the county where no [abuse of power] fraud * * * corruption or unfair dealing is proved. * * *” (Italics ours.)
In Barnett v. City of Paterson, 48 N.J.L. 395, 6 A. 15, the Mayor of the City of Paterson successfully sued to recover costs and expenses incurred as Mayor in defending himself against a suit by the City to make him join in executing some bonds. He refused to do so, contending the bonds to be unlawful, and was successful in his defense of the suit. It appears from the opinion that had the Mayor been unsuccessful he could not have recovered his expenses. Under the circumstances of the present case we consider this decision as good authority in support of the position of the appellant Hunter.
We do not agree with the contention of the appellant Hunter that the Car-michaels’ suit should have been dismissed in. the trial court because no special injury was shown. Florida has recognized the right of a citizen and taxpayer to maintain a suit to restrain public officials from paying out. public monies upon an allegedly void and unauthorized contract. Anderson v. Ful *587 ler, 51 Fla. 380, 41 So. 684, 6 L.R.A.,N.S., 1026. Lewis v. Peters, Fla.1953, 66 So.2d 489, and cases cited therein.
Reversed and remanded for the entry of an appropriate decree consistent with this decision.
SHANNON, C. J., and ICANNER, J., concur.