SWANN, Judge.
This is a petition for writ of certiorari from an order of the Civil Court of Record, which struck the counterclaim of the defendant below and entered judgment by default against him on the question of liability. The parties will be referred to herein as in the trial court. The facts briefly are as follows.
Plaintiff filed a complaint at law alleging damages incurred as a result of personal injuries sustained in an automobile accident with the defendant. A default judgment was entered against the defendant for failure to answer or otherwise plead. Upon a motion properly made, the default judgment was set aside. The defendant filed his answer, denying negligence, together with a counterclaim against the plaintiff for damage done to defendant’s automobile.
Plaintiff submitted interrogatories to the defendant which were objected to on the ground that many of them went to the question of defendant’s health and medical condition, whereas the counterclaim sought relief for only property damage.
The trial court overruled the objection to the interrogatories, whereupon the defendant filed a motion to reconsider the matter. Timely answers to the interrogatories were filed, but the defendant designated all interrogatories which did not go to the issue of property damage as “not applicable”. Plaintiff filed a motion to strike or for default on the grounds that the defendant did not file timely answers to the interrogatories. The court granted this motion by striking the counterclaim and entering a judgment by default on the question of liability. This petition for writ of certiorari was properly and timely filed.
The action of a trial court in striking pleadings and entering a default judgment for failure to properly reply to interrogatories is a harsh remedy and should be cautiously applied. We agree with the rationale set forth in State Road Department v. Hufford, Fla.App.1964, 161 So.2d 35, wherein the court stated:
* * * * * *
“In the absence of objections to interrogatories or an order of the court varying the time prescribed for answer thereto, the answers are due within 15 days after the interrogatories are served. Rule 1.27, Florida Rules of Civil Procedure, 30 F.S.A. Failure to so serve such answers subjects the defaulting party, on motion arid notice, *752 to the penalty of having any part of any pleading filed by him stricken, or to the dismissal of his action or proceeding or any part thereof, or to entry of judgment by default against him. Rule 1.31(d), F.R.C.P. This rule, however, must be applied within the orbit of a sound judicial discretion and it is here that we are at variance with the action taken by the chancellor in this case. (Emphasis supplied.)
“We recognize that under circumstances as here existing a trial court, in the exercise of its inherent power, may and often does exact prompt action and otherwise penalize a party in default under the subject rules of practice. We are aware of no instance, however, where our courts, under circumstances as here involved, have finally dismissed the action without first affording the party in default an opportunity to cure the same. * * * ”
******
In the instant matter the defendant timely filed his answers to the interrogatories but apparently the court was not satisfied with the contents of the answers which stated “not applicable” to many of the interrogatories.
It is our view that under the authority of Rule 1.31(d), Florida Rules of Civil Procedure, 30 F.S.A. and under State Road Department v. Hufford, supra, the defendant herein should have been given a fixed time in which to more fully reply to the interrogatories in question and that upon failure to do so the court could then properly strike the pleadings.
For the reasons stated, the petition for writ of certiorari is hereby granted and the decision of the trial court is reversed.
Reversed.