181 So.2d 183 (1965)
REMINGTON CONSTRUCTION CO., Inc., a Florida corporation; Clifford Russell, S.W. Raulerson and Bernard Schoninger, trading as Palm Springs Investment Company, (not Inc.), Appellants,
v.
HAMILTON ELECTRIC, INC., a Florida corporation, Appellee.
No. 65-164.
District Court of Appeal of Florida. Third District.
December 14, 1965.
Rehearing Denied January 12, 1966.
*184 Maurice Rosen, No. Miami Beach, for appellants.
Palermo & Connelly, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
By this appeal, the defendants in the trial court seek review of a final decree of foreclosure of a mechanic's lien, subsequent to the entry of an order striking the defendants' answer for failure to respond to interrogatories and entering a default. The appellants have preserved three points for review, wherein they urge error in the action of the chancellor. First, that the mechanic's lien was extinguished by an action on a note representing the amount due. Second, that there was no showing that the defendants wilfully refused to respond to the interrogatories, and that the court should not have stricken their answer without first entering an order requiring the response to the interrogatories within a day certain. Third, that the evidence was insufficient as to the amount due.
The fact that the sub-contractor had taken a note from the contractor prior to the institution of the mechanic's lien foreclosure suit [which note was subsequently sued upon in a common law action, although the judgment was still outstanding] did not bar the further prosecution of the mechanic's lien foreclosure. The remedies are merely cumulative and, until such time as the judgment is satisfied, appellee could prosecute the mechanic's lien against the property. See: § 84.32 Fla. Stat., F.S.A. (1961); 22 Fla.Jur., Mechanics' Liens, § 41; 36 Am.Jur., Mechanics' Liens, § 234; 57 C.J.S. Mechanics' Liens, § 266. See, also: § 84.301, Fla. Stat. F.S.A. (1963).
As to the second point, it is apparent that the defendants did not respond to the interrogatories and no valid excuse was tendered for the non-performance. But, the appellant urges that the opinion of this court in Rashard v. Cappiali, Fla.App. 1965, 171 So.2d 581 requires the entry of an order directing a defendant to respond to interrogatories before a default may be taken against him.
If this were a case of first impression, this writer would hold that the appellants' contention is clearly contrary to the precise provisions of Rule 1.31(d), Florida Rules of Civil Procedure, 30 F.S.A., for no order is required under this section of the rule as required under sub-sections (a) and (b). Sub-sections (a) and (b) relate to a violation by a witness or a party of a court's order, and before a witness or a party may be subject to a contempt proceedings it would, of course, be necessary for an order to be entered. Subsection (d) relates to the effect on a party's willful failure to comply with the rules of civil procedure and the consequences of such a failure on the party's pleadings, cause of action, etc. Under sub-sections (a) and (b), failure to comply is against the dignity of the court's order. Under subsection (d), failure to comply is merely contrary to the provisions of the rule. However, this rule has already been construed as requiring the entry of an order prior to taking the action provided for in Rule 1.31 (d), Florida Rules of Civil Procedure. See: State Road Department v. Hufford, Fla.App. 1964, 161 So.2d 35; Hyman v. Schwartz, Fla.App. 1965, 177 So.2d 750. Therefore, it appears that the chancellor's action in entering the default without a prior order directing response to the interrogatories *185 is contrary to the authorities in this State and, therefore, erroneous.
In accordance with the views herein expressed, there is no necessity to reach the question of the sufficiency of the evidence, and the final decree here under review is hereby reversed and this cause is remanded to the chancellor with directions to reinstate the defendants' answer and to enter an order requiring a response to the interrogatories within a day certain. In default thereof, the chancellor may then strike the defendants' answer and enter a default.
Reversed and remanded with directions.