BARKDULL, Judge.
This appeal involves the correctness of a summary judgment entered for the plain *185 'tiffs, and the fixing of attorney’s fees by •the court without submitting the issue to :a jury.
The plaintiffs in the trial court sued the defendant to recover rental installments due under a written lease, together with •costs and attorney’s fees as provided in the lease. The defendant answered and counterclaimed for constructive eviction and •sought damages. Issue being joined, the plaintiffs noticed the defendant for taking This depositions. The defendant moved for a protective order. Upon the hearing on the motion, the court entered the following •order:
J|< ijs ‡ *
'“ORDERED AND ADJUDGED:
“1. That the Motion for Protective Order be taken under advisement, and that no Order of this Court will be entered In connection therewith for ten (10) days from the date of this Order.
£ ‡ ‡ % &
“3. That Plaintiffs may re-set the scheduled deposition, and if Defendant fails to appear personally or with his physician, Plaintiffs may move herein for a Ride requiring the Defendant to show cause before this Court, on a date and at a time certain, why said Defendant should not submit himself for the taking of said deposition, then and there to appear with his physician before the undersigned, in default of which this Court may enter such Orders, including the striking of the Counterclaim, as to the Court seems reasonable and proper under the circumstances.” [emphasis added]
Sjc 5}i * sfc * £
Thereafter, the plaintiffs duly noticed the talcing of depositions; the defendant failed to appear, his counsel submitting a letter that he was physically unable to do so. Notwithstanding the prior order of the court, as quoted above, and without issuing a rule to show cause, the trial court struck the answer and counterclaim and rendered a summary judgment as to the rental installments and proceeded to determine the amount of attorney’s fees without submitting the matter to a jury, as requested in the answer. We find error and reverse.
Before the trial court was authorized to take such a serious sanction as striking the defendant’s pleadings, the defendant was. entitled to an order directing him to appear for the taking of his depositions. See: State Road Department v. Hufford, Fla.App. 1964, 161 So.2d 35; Hyman v. Schwartz, Fla.App. 1965, 177 So.2d 750; Remington Construction Co. v. Hamilton Electric, Inc., Fla.App. 1965, 181 So.2d 183. That was particularly so in the instant case, where the protective order had indicated that in the event of his failure to appear a rule to show cause would be issued. It is also apparent that the issue as to the amount of attorney’s fees should be determined by a jury, as should any other damages arising from breach of contract be determined when a jury trial is requested. Attorney fees, generally, are not an item of cost. See: Ritters Hotel, Inc. v. Sidebotham, 142 Fla. 171, 194 So. 322; Ronlee, Inc v. P. M. Walker Co., Inc., Fla.App.1961, 129 So.2d 175; Sork v. United Benefit Life Insurance Company, Fla.App.1964, 161 So2d 54; 8 Fla.Jur., Costs, § 38; 9 Fla.Jur., Damages, § 77; 25 C.J.S. Damages § 50c, p. 784.
Therefore, the summary judgment here under review is hereby reversed and this cause is remanded to the trial court with instructions to reinstate the answer and counterclaim and for further proceedings.
This opinion is not to be construed as preventing the trial judge from imposing sanctions against the defendant for failure to respond to discovery, even striking his pleadings upon appropriate order for noncompliance.
Reversed and remanded, with directions.