257 So.2d 270 (1972)
CAROL MANAGEMENT COMPANY, a New York Corporation, Appellant,
v.
BARING INDUSTRIES, Appellee.
Nos. 71-226, 71-227.
District Court of Appeal of Florida, Third District.
February 1, 1972.
*271 Meyer, Weiss, Rose & Arkin, and William E. Shockett, Miami Beach, for appellant.
Yelen & Yelen, P.A., Coral Gables, for appellee.
Before SWANN, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
A final judgment was rendered for plaintiff, Baring Industries, against Carol Management Company in the sum of $30,000 damages, $7,500 as attorneys' fees and $1,650 as interest.
Subsequently, the final judgment was amended to allow recovery for Baring in the amount of $26,000 as damages, $6,500 attorneys' fees, and $1,410 as interest. These consolidated appeals are from the original and amended judgments.
The written purchase agreement between the plaintiff (seller) and defendant (buyer) contained the following language:
"* * * Furthermore, the Buyer [Defendant] agrees that if this sales agreement is cancelled by the Buyer, the monies paid herewith as a down payment `if any', shall become the property of the Seller, to partially compensate the Seller for its liquidated damages resulting from such cancellation." (Brackets added)
Defendant (buyer) argues this agreement calls for liquidated damages and it was error for the trial court to refuse testimony regarding the reasonableness of the $13,000 deposit as a down payment. We find no error in this regard as the trial court permitted evidence that the *272 $13,000 deposit was agreed upon after negotiations between the parties and determined that the $13,000 was not liquidated damages. The rule is that liquidated damages are not applied where actual damages are reasonably ascertainable of measurement by some adequate and approved legal standard. See Haas v. Crisp Realty Co., Fla. 1953, 65 So.2d 765; and Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538 (1948).
Defendant asserts the court erred in the award and amount of fees to plaintiffs' attorney. The agreement required the buyer (Carol Management) to pay reasonable attorneys' fees in the event the contract was referred to an attorney for collection or enforcement. It was referred to an attorney for collection or enforcement and a suit for damages for breach of contract resulted. We hold that an award for attorneys' fees is proper under these facts. All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App. 1968, 212 So.2d 347.
The amount of the fees was apparently determined as a result of a letter between the parties. The letter provided essentially that should plaintiff present witnesses on fees they would testify that a reasonable fee comprised the following: one or two attorneys who would be qualified as experts would testify they examined the file, familiarized themselves with the work involved, took into account the nature of the litigation, the sum involved, the reputation of the firm, the years practiced by its attorney, their usual charges, the fact that a contingent fee was undertaken in this cause, and other bases. Such testimony would be to the effect that a fee equal to 25% of any recovery made by the plaintiff would be reasonable in the matter. The letter stipulated that the above would be the testimony of plaintiff's witness and not that defendant agreed to be bound by such testimony.
The question is whether the proof is sufficient to sustain the amount awarded as attorneys' fees based on the fact that the letter was entered without objection from defendant. It was stipulated between the parties, however, that this would be plaintiff's evidence as to attorneys' fees. The evidence was admitted without objection from defendant and the trial judge found it to be reasonable under the circumstances.
We have reviewed the record and find no reversible error has been clearly demonstrated on this point.
We find no error in the court allowing interest at the rate of 6% from the date of the defendant's breach of this agreement. See Sullivan v. McMillan, Fla. 1896, 37 Fla. 134, 19 So. 340 (1896); Huntley v. Baya, Fla.App. 1962, 136 So.2d 248; and § 687.01, Fla. Stat., F.S.A.
Under Points Five and Six defendant challenges the trial court's determination and award of damages to plaintiff. The trial judge devoted a considerable amount of time to hearing testimony and determining the amount of damages in this case. No reversible error has been clearly shown in his award of the amount of damages to plaintiff. First Atlantic National Bank v. Cobbett, Fla. 1955, 82 So.2d 870 and Marek v. Patterson, Fla. 1954, 75 So.2d 808.
In the cross appeal plaintiff contends the trial court was in error in reducing the original amount of damages from $30,000 to $26,000 as reflected in the amended final judgment. The trial judge, however, appears to have applied the proper formula in arriving at the amended final judgment. See Sundie v. Lindsay, Fla.App. 1964, 166 So.2d 152.
The amended final judgment is, therefore,
Affirmed.