QUESTION: Is the county court judge or clerk of circuit court justified in issuing a marriage license when there appears to be no impediment to the marriage on the face of the application and it appears that all legal requirements for its issuance have been met?
SUMMARY: The county court judge or the clerk of circuit court, either being by law duly authorized to issue a marriage license, is justified in doing so upon application, when, upon consideration of the application there appears to be no impediment to the marriage and it appears that all legal requirements for the issuance have been met. The answer to the question is in the affirmative. It is assumed that the question does not seek information on what is the duty of the judge of county court or clerk of circuit court, as an issuing officer, when said issuing officer has actual knowledge of the existence of an impediment to the marriage notwithstanding the information contained on the face of the sworn application. The issuing officer is authorized and required to issue the marriage license only in the event that there appears to be no impediment to the marriage. The question is answered on the assumption that information is sought in relation to the duty of the issuing officer in a case where the existence of an impediment to the marriage appears on the face of the sworn application. The duty of the issuing officer is to issue the marriage license, upon application therefor, if there appears to be no impediment to the marriage. Section 741.01, F.S. (1974 Supp.), insofar as it is material to this inquiry, provides: Every marriage license shall be issued by a county court judge or clerk of the circuit court, under his hand and seal. Said county court judge or clerk of the circuit court shall issue such license, upon application therefor if there appears to be no impediment to the marriage. . . . Section 741.04, F.S. (1974 Supp.), insofar as is pertinent to the inquiry, provides as follows: No county court judge or clerk of the circuit court in this state shall issue a license for the marriage of any person, unless there shall be first presented and filed with him an affidavit in writing, signed by both parties to the marriage, made and subscribed before some person authorized by law to administer an oath, reciting the true and correct ages of such parties, and unless both such parties shall be over the age of 21 years. . . . (Cf. AGO 074-201 for interpretation of age requirement.) Section 741.06, F.S., in part, provides: When marriage license may be issued to persons under twenty-one years. — The county court judge of any county in the state may, in the exercise of his discretion, issue a license to marry to any male or female under the age of twenty-one years, upon sworn application of both applicants under oath that they are the parents or expectant parents of a child. . . . (Cf. AGO 074-201 for interpretation of age requirement.) The case of State v. Lawrence, 163 So. 231 (Fla., 1935), contains helpful information. The law insofar as this inquiry is concerned has remained substantially unchanged since State v. Lawrence, supra, was written. In the case above mentioned Vera Richardson, on petition for a writ of habeas corpus, contended that she was illegally restrained of her liberty on a charge that she falsely swore on her application for marriage license that she had never been married. In the case the court made observations applicable to an answer to the above question, at p. 232: Now we have no statute which specifically requires the application for marriage license to show upon its face that there are no impediments to the marriage, but the county judge is only authorized to issue a marriage license when it appears there are no impediments to the marriage. . . . Furthermore, the court stated, at p. 232: . . . no county judge in this state shall issue a license for the marriage of any person unless there shall be first presented and filed with him an affidavit in writing signed by both parties to the marriage, made and subscribed before some person authorized by law to administer oaths, reciting the true and correct ages of such parties. Finally, the court concluded, still at p. 232: Certainly . . . the county judge is authorized and required to issue the marriage license only in the event that there appear to be no impediment to the marriage. Therefore, before the parties proposing to engage in the marriage may require the county judge to issue a license, it devolves upon them, if the county judge so require, to make it appear that there is no impediment to the marriage. . . . An analogous conclusion was reached in AGO 050-136, March 21, 1950, Biennial Report of the Attorney General, 1949-1950, p. 568, which stated that an impediment must be removed prior to issuance of the license. It is quite clear, therefore, that the issuing officer cannot be compelled to issue the license to marry until the applicants, when called upon to do so, have established to the issuing officer's satisfaction that there appears to be no impediment to the marriage. This showing must be made on the face of the application. It cannot be made by assurances orally given. Inherent in the question as stated is the question of the duty of the issuing officer when the face of the sworn application shows there appears to be no impediment to the marriage and further shows all requirements for the issuance of the license have been met. It is the duty of the issuing officer, under the noted circumstances, to issue the license. Support for the conclusion hereinabove stated is found in advice given by one of my predecessors in office. Cf. AGO 049-308, July 8, 1949, Biennial Report of the Attorney General, 1949-1950, p. 57:
It is my opinion that when the conditions precedent as set out by the statutes have been met, a marriage license can be issued by the authorized clerk of the county judge in all cases except where a male under the age of 18 years and a female under the age of 16 years have acknowledged under oath that they are parents or expected parents of a child, and in this event the license must be issued by the county judge.