PER CURIAM.
In this interlocutory appeal plaintiff seeks reversal of an order denying her attorney’s fees after prevailing in a breach of contract action.
Plaintiff, Dolores Richmond, and the defendants, Colin and Jennefer Lumb, executed a purchase and sale agreement whereby Dolores agreed to buy their townhouse and deposited $5,690 with the real estate broker. The parties never closed and Dolores, alleging that defendants were at fault, filed suit for specific performance, money damages and attorney’s fees. Defendants answered contending that Dolores was in default and counterclaimed for monetary damages and attorney’s fees. Subsequently, the real estate broker who held the deposit was interpled. During the trial, Dolores abandoned her claim for specific performance, and a directed verdict was entered against her as to this claim. The jury found for Dolores on the issue of monetary damages and against defendants on their counterclaim. She was awarded her deposit of $5,690. The issue of attorney’s fees was heard separately by the trial judge who entered the appealed order of denial. We reverse.
Implicit in the jury’s verdict for Dolores was the determination that defendants defaulted on the agreement which provides that if the sale does not close due to default on the part of the seller (i. e. the defendants), then Dolores, the purchaser, is enti- *1148 tied to attorney’s fees if she has to resort to legal proceedings for enforcement of her contract rights. Dolores, having had to resort to legal action to enforce her rights, is entitled to recovery of a reasonable attorney’s fee. See All-Dixie Insurance Agency, Inc. v. Moffatt, 212 So.2d 347 (Fla.3d DCA 1968); Carol Management Company v. Baring Industries, 257 So.2d 270 (Fla.3d DCA 1972).
Accordingly, we reverse the order of denial and remand the cause to the trial court to hold a hearing on the issue of the amount of a reasonable attorney’s fee and based on the evidence and testimony adduced therefrom to make an award to Dolores.
It is so ordered.