398 So.2d 955 (1981)
Dorothy WALKER, Appellant/Cross-Appellee,
v.
Kenneth W. HARRIS, and City Commission of the City of Belle Glade, Florida, Sitting As Canvassing Board for the City of Belle Glade, Florida, Appellees/Cross-Appellants.
No. 80-106.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Rehearing Denied June 19, 1981.
Tobias Simon of Simon, Schindler & Tripp, P.A., Miami, for appellant/cross-appellee.
*956 Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellee Harris.
HURLEY, Judge.
The issue on appeal is whether the trial court's finding that appellant failed to establish a legal residence in the east borough of the City of Belle Glade and therefore was unqualified for election to the city commission is supported by substantial competent evidence. Our review of the record reveals an insufficiency of supporting evidence and, consequently, we reverse.
The City of Belle Glade is divided into three boroughs. Section 6-15 of the city charter specifies:
Of the five City Commissioners; one shall own property and reside in the North Borough; one shall own property and reside in the East Borough; one shall own property and reside in the West Borough; and two shall own property and reside anywhere in the City. All qualified electors of the City may vote for any candidate for City Commissioner.[1]
Appellant, Dorothy Walker, filed for election to the Belle Glade city commission and indicated that she was a resident of the east borough. She was elected to the commission on September 11, 1979. Shortly thereafter, Kenneth W. Harris, the defeated incumbent, instituted suit to oust Ms. Walker and declare the election null and void. Mr. Harris contended that the election was fraught with campaign financing violations and that Ms. Walker was unqualified for election in that she was not a bona fide resident of the east borough.
The case was tried before the court and resulted in a finding that the alleged campaign financing violations were insubstantial and without legal consequence. The court further found that Ms. Walker was not a bona fide resident of the east borough and therefore, since she failed to satisfy an essential qualification for office, the court declared the election null and void and ordered a new election for the east borough seat. A stay was entered and this appeal ensued.
The court made the following findings of fact on the issue of residency.
The defendant Dorothy Walker is a black female currently enrolled in her third year of law school at the University of Miami College of Law. Ms. Walker, who retained a residence at her mother's house in Belle Glade during the first two years of law school, decided in the summer of 1979 to run for the East Borough Commission Seat in Belle Glade and, to that end, moved from her mother's house to an apartment located within the East Borough.
Shortly after moving to this apartment, however, the building in which the apartment was housed was condemned, and Ms. Walker moved again. On August 7, 1979, she entered into a written form lease with Mr. Velasco to rent a bedroom in his home located at 349 Southeast 3rd Street, with use of all facilities therein, for $100.00 per month. The blanks of the lease appear to the Court to have been filled in with the defendant Walker's handwriting. On September 8, 1979, Ms. Walker submitted a change of address form to the post office and Mr. Velasco testified that she does receive mail at his house.
Mr. Velasco also testified, however, that he never received rental payment from the defendant Walker for the month of August and that the first check he received was dated September 19, 1979, which was two days after this cause of action was filed. The Court notes that this check was on a joint account with Ms. Walker's mother and that the address printed on the check is that of defendant Walker's mother, which is in the West Borough.
The Court finds that the defendant Dorothy Walker was a legal intern in the State Attorney's Office at the Belle *957 Glade Annex Building, and that her duties entailed the prosecution of misdemeanor cases and traffic infractions. Upon questioning by the Court the defendant Walker admitted that she had not complied with the provisions of § 322.19, Florida Statutes, which requires that:
Whenever any person, after applying for or receiving an operator's or chauffeur's license, shall move from the address named in such application, or in the license issued to him, or when the name of a licensee is changed by marriage or otherwise, such person shall within 10 days thereafter notify the department in writing of his old and new names, and of the number of his license.
The address on Ms. Walker's driver's license is the same as that of her mother in the West Borough. The Court further finds that even though the defendant Walker may have had some of her personal belongings at the address in the East Borough, it was not her legal residence, and it was nothing more than a mail drop in an effort to comply with the residency requirements of the Charter of Belle Glade for election to the East Borough.
Analyzing the trial court's order, we find five factual determinations which tend to support the conclusion that appellant failed to establish a bona fide residence in the east borough: (1) Mr. Velasco, the landlord at 349 Southeast Third Street,[2] testified that he never received a rental payment for the month of August, 1979; (2) the first rent check introduced into evidence was dated September 19th, 1979, two days after the suit was filed; (3) Ms. Walker utilized a joint checking account with her mother and the checks bore a printed inscription of the mother's address in the west borough; (4) Ms. Walker failed to notify the state department of motor vehicles of her change of address; and (5) Ms. Walker used the house at 349 Southeast Third Street as nothing more than a "mail drop."
Before appraising the sufficiency and legal effect of these findings, we wish to emphasize that an appellate court may not substitute its judgment for that of the trier of fact by reevaluating the evidence. Marshall v. Johnson, 392 So.2d 249 (Fla. 1980). Our role is properly limited. "Findings of fact by a trial judge are presumed to be correct and are entitled to the same weight as a jury verdict. Findings by a trial court will not be disturbed unless there is a lack of substantial evidence to support the court's conclusion." Strawgate v. Turner, 339 So.2d 1112, 1113 (Fla. 1976) (citations omitted).
Turning to the record, we find that two of the trial court's findings lack any support whatsoever. Mr. Velasco, the landlord, never testified that he had not received the August rent. On the contrary, both Mr. Velasco and Ms. Walker testified unequivocally that the rent had been paid. No evidence was offered to negate their testimony and so, the court's contrary conclusion is without support in the record. The same holds true for the court's finding that Ms. Walker used the home at 349 Southeast Third Street as nothing more than a mail drop. Ms. Walker and Mr. Velasco testified that appellant moved her possessions onto the premises, entertained friends there, and regularly slept there. Again, this testimony was uncontradicted and, consequently, the court's first and fifth findings are void for lack of evidentiary support. Thus, we are left with three findings and the question is whether they are supported in the record and, if so, whether they constitute substantial evidence to justify the court's conclusion that appellant failed to establish a bona fide legal residence in the east borough.
Before considering the three remaining findings, we turn to the concept of "domicile" or "legal residence" and its usual mode of proof. In Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, 543 (1926), the court stated:

*958 The rule is well settled that the terms "residence," "residing," or equivalent terms, when used in statutes, or actions, or suits relating to taxation, right of suffrage, divorce, limitations of actions, and the like, are used in the sense of "legal residence"; that is to say, the place of domicile or permanent abode, as distinguished from temporary residence.
A person may have several temporary local residences, but can have only one legal residence. A legal residence, or domicile, is the place where a person has fixed an abode with the present intention of making it their permanent home. Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933). In Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla. 1955), a case strikingly similar to the one at bar, the court held:
[W]here a good faith intention is coupled with an actual removal evidenced by positive overt acts, then the change of residence is accomplished and becomes effective. This is so because legal residence consists of the concurrence of both fact and intention. The bona fides of the intention is a highly significant factor. Id. at 368.
Furthermore, our courts have consistently recognized that an individual's intent is a subjective factor and, therefore, "the best proof of one's domicile is where he says it is." Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870, 873 (1947). See also, Brown v. Brown, 123 So.2d 382 (Fla.2d DCA 1960). This is not to suggest that proof of legal residence cannot be measured by objective factors, but in analyzing proof of intent, a person's declaration is especially significant and entitled to great weight.
In the case at bar, Ms. Walker repeatedly testified that she moved to the east borough for the sole purpose of establishing a legal residence to qualify for election. She testified that she was aware of Section 6-15 of the City Charter and, despite an acute housing shortage in the east borough, she searched for a residence that would meet the charter's requirements. Ms. Walker detailed the steps which she took to carry out her intent: (1) she located, leased and moved into a home in the east borough which was in bad repair; (2) she spoke to a contractor and to the utilities company about making the first home habitable, but gave up when it was condemned; (3) she located the Velasco home at 349 Southeast Third Street, signed a lease, moved in and took up residence; (4) she notified the bank and the post office of her new address. Again, we note that the foregoing testimony was uncontradicted.
To corroborate her testimony, appellant called her landlord and the postmaster as witnesses. Mr. Velasco, the landlord, testified that on August 7, 1979, he signed a lease and agreed to rent a portion of his home to appellant for one hundred dollars per month. Rent was due on the last day of each rental period. He further testified that appellant moved into the premises and thereafter entertained friends and regularly slept there. Mr. Donald Sivyer, the postmaster in Belle Glade, produced a change of address card which appellant had filed on September 6, 1979, and which reflected her new address at 349 Southeast Third Street in Belle Glade. As with the earlier testimony, this evidence was uncontradicted.
Turning again to the remaining three findings in the trial court's order  (a) the first rental check introduced into evidence was dated September 19, 1979; (b) Ms. Walker utilized a joint checking account with her mother; and (c) Ms. Walker failed to notify the department of motor vehicles of her change of address  we hold that they are so patently inconclusive that, either individually or cumulatively, they do not constitute "substantial evidence" sufficient to overturn or rebut the uncontradicted testimony and evidence that appellant intended to establish a legal residence in the east borough and took overt steps to accomplish this end. Appellant admitted her failure to notify the department of motor vehicles, but testified that she was unaware of the requirement and that her license, which had been issued several years earlier, was about to expire. Without question, notification to authorities and to the public at large is a relevant factor to consider *959 in weighing a disputed issue of legal residence. Yet, in the case at bar, it is unrefuted that appellant notified a local bank and the Belle Glade post office of her new address. Thus, the probative value of her failure to notify the state department of motor vehicles is severely undercut. As for the use of a joint checking account with checks bearing a printed inscription of her mother's west borough address, appellant testified that she was a full-time student with minimal funds and that she had resided with her mother prior to moving to the east borough. This was uncontradicted and so, we find no probative value whatsoever in this finding. Lastly, as to the date of the first rent check, both Ms. Walker and Mr. Velasco testified that the August rent had been paid, though neither was sure as to the exact date. Furthermore, they testified that, under the rental agreement, rent was due and payable on the last day of the 30-day period which, in this case, would have been September 6th. Mr. Velasco also testified that he knew Ms. Walker was a full-time student and that late payments were acceptable to him. With the uncontradicted testimony that the August rent had been paid, the significance of the September 19th check is dubious at best.
Bearing in mind the general principle "that the primary consideration in an election contest is whether the will of the people has been effected," Boardman v. Esteva, 323 So.2d 259, 269 (Fla. 1975), cert. denied, 425 U.S. 967, 96 S.Ct. 2162, 48 L.Ed.2d 791 (1976), and looking at the uncontradicted testimony of appellant's intent coupled with the uncontradicted evidence of the multiple overt acts which she took to establish a legal residence in the east borough of Belle Glade, we are compelled to hold that the trial court's remaining three findings, as a matter of law, do not constitute substantial evidence sufficient to justify the court's ultimate conclusion. Accordingly, the cause is reversed.
ANSTEAD, J. and WARREN, LAMAR, Associate Judge, concur.
NOTES
[1] Trial counsel stipulated that the property ownership requirements have been stricken. Thus, the ordinance, only requires that three of the five city commissioners reside in specified districts or boroughs.
[2] This address is in the east borough.