453 So.2d 1159 (1984)
Lilianan GUELMAN and Lidia Guelman, Appellants,
v.
Elba Formento DE GUELMAN, and Steven Brotman, As Personal Representative of the Estate of Mario Guelman, Deceased, Appellees.
No. 83-1141.
District Court of Appeal of Florida, Third District.
July 17, 1984.
Rehearing Denied August 17, 1984.
*1160 Fink & Golden and Richard Fink, Miami, for appellants.
Englander & Burnett and Malvin Englander, Miami Beach, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
A trial court will be sustained in its interpretation of the law of a foreign country if its interpretation is consistent with that given by an expert on the law of such foreign jurisdiction, even though such expert opinion may be in dispute. In Re: Evers' Estate, 160 Fla. 225, 34 So.2d 561 (1948); Mori v. Matsushita Electric Corporation of America, 380 So.2d 461 (Fla. 3d DCA 1980); Clausi v. Casner Motors, Inc., 112 So.2d 587 (Fla. 3d DCA 1959).
A marriage is presumed valid. Teel v. Nolen Brown Motors, Inc., 93 So.2d 874 (Fla. 1957); In Re Estate of Lee, 360 So.2d 1111 (Fla. 3d DCA 1978); Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964); Accord: In Re Estate of Marden, 355 So.2d 121 (Fla. 3d DCA 1978). It is presumed that an official performing a marriage service, whether in a foreign or domestic jurisdiction would not have performed the service if there was any known impediment to the marriage. See and Compare: State v. Lawrence, 120 Fla. 836, 163 So. 231 (1935); Hillsborough County Aviation Authority v. Taller & Cooper, Inc., 245 So.2d 100 (Fla. 2d DCA 1971); Hunter v. Carmichael, 133 So.2d 584 (Fla. 2d DCA 1961). In light of the above, we find no error in the trial court (probate division) finding that the marriage was validly entered into in Bolivia in 1971 and that the decedent and his wife were domiciled in Florida at the time of the death of the decedent in 1976. Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1947); Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); Walker v. Harris, 398 So.2d 955 (Fla. 4th DCA 1981); In Re Estate of Lee, supra; Grace v. Grace, supra.
Therefore the final order under review is hereby affirmed.
Affirmed.