## BENZ v PULKKINEN

Case No. 85-83-CC-19-P

County Court, Monroe County

March 27, 1986

### APPEARANCES OF COUNSEL

**William Kuypers** for

**Thomas D. Wright** for

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

Plaintiffs, Jeffrey and Jill Benz, were the recipients of a favorable jury verdict for damages entered against their landlord, defendant, Carol Pulkkinen. The defendant had entered upon the leasehold premises and in the process of cleaning debris from the yard had taken

to the County landfill various parts of a wooden yacht in which plaintiffs were in the process of restoring.

At the conclusion of the jury trial the Court discharged the jury and entered Final Judgment in accordance with the verdict of the jury reserving jurisdiction to tax costs as shall be mete and proper. Thereafter, plaintiffs filed its post judgment motion seeking taxation of attorneys' fees pursuant to Florida Statute 83.48 which reads:

"83.48 Attorney's fees.—In any civil action brought to enforce the provisions of the rental agreement or this party, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorneys' fees, from the nonprevailing party."

Plaintiffs' Complaint is silent as regards a prayer for attorneys' fees. However, it appears that the necessity for pleading a demand for attorneys' fees in the complaint is not absolutely required. *Autorico Inc. v. Government Employees Insurance Co..*, 398 So. 2d 485 (Fla. 3d DCA 1981).

The issue to be decided is whether the court may award reasonable attorneys' fees to the prevailing party under the landlord tenant provisions of Section 83.48 in an action tried before a jury.

At the outset it is important to note that one must be very careful in reading the precedent in this area of the law for the reason that this area is fraught with pitfalls and hazards. At first blush, an opinion containing language to the effect that the court should award reasonable attorneys' fees to the prevailing party would appear to stand as good authority for the court to award attorneys' fees in a case tried before a jury when in fact the reported decision involved a case tried before a court and not a jury or, upon closer examination, the opinion involved the issue of entitlement to fees and not the issue as to whether the court as opposed to the jury should make the award. Additionally, caution is warranted in cases where the entitlement to attorneys' fees is provided by statute for the reason that the express wording of the statute may call for the court as opposed to the jury to enter the award. If the statute authorizes the *court* to award attorneys' fees, then it is proper that it be done by the court even though the case was tried before the jury[1] and such cases furnish no authority for the court to enter awards in actions tried before a jury where the statute does not make the judge the authorized authority.

---

[1] *Young v. Altenhaus*, 448 So. 2d 1039 (Fla. 3d DCA 1983), . . . express language of F. S. 768.56(1) authorizes prevailing party in a medical malpractice action to receive award of attorneys' fees by the Court even though action tried by a jury.

The cases that have squarely decided this question have all come to the same conclusion.

It has long been held in Florida that what is a reasonable amount to allow for an attorney fee is a question of fact.[2] Therefore, absent express language in a statute to the contrary the trier of fact would be the proper entity to determine the quantum of reasonable attorneys' fees to be awarded.

The Second, Third and Fifth District Courts of Appeal of Florida have so held although there is some conflict within the Third District on this point.

In *Newcombe v. South Florida Business Negotiators, Inc.*, 340 So. 2d 1192 (Fla. 2d DCA 1976), it was held that the trial judge's award of reasonable attorneys' fees called for by the litigant's contract was improper due to the fact that the contract dispute was tried before a jury.

In *Reiss v. Goldman*, 196 So.2d 184 (Fla. 3d DCA 1967), the Third District Court squarely held that it was error for the Court to determine reasonable attorneys' fees where the party to a lease dispute had requested all issues be determined by a jury, holding at page 185 of its opinion:

> "It is also apparent that the issue as to the amount of attorneys fees should be determined by a jury, as should any other damages arising from the breach of contract be determined when a jury trial is requested. Attorneys fees generally are not an item of costs."

The Third District Court of Appeal followed *Reiss* in its opinion in *Commodore Plaza at Century 21, etc. v. Cohen*, 350 So. 2d 502 (Fla. 3d DCA 1977), but failed to follow *Reiss* in *Richmond v. Lumb*, 339 So. 2d 1147 (Fla. 3d DCA 1976).

In the reported decision of the Fifth District Court in *Lhamon v. Retail Development*, 422 So. 2d 993 (Fla. 5th DCA 1982), the jury had returned a verdict for rent due and owing plaintiffs and, thereafter, the trial judge awarded the plaintiff reasonable attorneys' fees. The landlord presented no evidence at trial regarding attorneys' fees but waited until the verdict for rent was rendered by the jury before presenting the claim for attorneys' fees to the judge. The Fifth District Court of Appeal held that the award of attorneys' fees by the court was improper where the matter was tried before a jury.

---

[2] *Nelson v. Lewis*, 127 Fla. 654 (1937); *Nivens v. Nivens*, 312 So. 2d 201 (Fla. 2d DCA 1975).

The premises considered, it is

ORDERED and ADJUDGED that plaintiffs' request for award of attorneys' fees be and the same is hereby denied.