The Honorable Robert E. Lockwood Clerk Circuit and County Courts 201 Southeast 6th Street Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Lockwood:
You have asked:
 1. Should an application for a marriage license be accepted by the clerk of court from a person under eighteen years of age but at least sixteen when written consent to the marriage has been obtained from only one parent who alleges that he or she has sole responsibility or specific ultimate responsibility for the applicant?
 2. What is the clerk of court's liability for negligence for accepting such an application when it is subsequently discovered that the parent's divorce decree granted shared parental responsibility?
In sum:
 1. The clerk of court must accept a marriage license application from a person under eighteen years of age but at least sixteen when written consent has been obtained from a parent alleging that he or she has sole responsibility or specific ultimate responsibility for the applicant. However, the issuing authority cannot be compelled to issue a marriage license until the applicant satisfies the officer that no impediment to the marriage exists.
 2. Pursuant to s. 768.28(9)(a), F.S. (1988 Supp.), the clerk of court is protected from personal liability in tort for actions which come within the scope of his or her employment or function unless the clerk `acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'
QUESTION ONE
Section 741.0405(1), F.S., provides in part that:
 If either of the parties shall be under the age of 18 years but at least 16 years of age, the county court judge or clerk of the circuit court shall issue a license for the marriage of such party only if there is first presented and filed with him the written consent of the parents or guardian of such minor to such marriage, acknowledged before some officer authorized by law to take acknowledgments and administer oaths.
 Your question is prompted by AGO 88-14 concluding that `where both parents share parental responsibility for a minor child and where the parent to whom the primary residence of the child has been given has not been granted ultimate responsibility over this aspect of the child's welfare by the court . . . written consent of both parents is required pursuant to s. 741.0405, F.S.'
 Possibly in response to AGO 88-14, you state that the Department of Health and Rehabilitative Services has develped a form for parental consent to marriage of a minor which requires the signature of only one parent if such parent is `divorced, granted sole responsibility or specific ultimate responsibility to consent to marriage.' Initially, I must advise you that this office possesses no authority to pass upon the legality or sufficiency of a form developed by any other agency. Thus, no comment is expressed herein regarding this particular form.
Section 741.01, F.S. (1988 Supp.), states in part that:
 Every marriage license shall be issued by a county court judge or clerk of the circuit court under his hand and seal. The county court judge or clerk of the circuit court shall issue such license, upon application for the license, if there appears to be no impediment to the marriage.
This office has previously considered the authority of the Legislature to regulate the marriage of its citizens and concluded that the courts possess only such jurisdiction over marriage and its incidents as has been granted by the Legislature.[1]
Section 741.01, F.S., supra, represents a delegation of a portion of the Legislature's power by designating the county court judge and the clerk of the circuit court as the issuing officers of marriage licenses. However, s. 741.01, F.S., supra, does not appear to grant the clerk or the judge any discretion in accepting or refusing to accept an application for a marriage license.[2]
Once the application is on file, the clerk or judge may determine whether there appears to be an impediment to the marriage based on the contents of the application. In AGO 74-338 it was concluded that it is the duty of a judge or clerk to issue a license to marry when, upon consideration of the application, there appears to be no impediment to the marriage and all legal requirements for the issuance of a license have been met.[3] The judge or clerk cannot, however, be compelled to issue a marriage license until the applicant, when called upon to do so, has demonstrated to the satisfaction of the particular officer that there is no impediment to the marriage.[4] The statute does not require an independent investigation by the issuing authority to ascertain the truth of statements made by the applicants or by their parents or guardians.[5]
Therefore, the clerk of court, as the issuing authority, is required to accept a marriage license application but cannot be compelled to issue a marriage license to any applicant until it has been demonstrated to the satisfaction of the issuing officer that there is no impediment to the marriage.
QUESTION TWO
The Legislature, by enacting s. 768.28, F.S. (1988 Supp.), has waived the State's immunity from tort liability to the extent provided therein. Section 768.28(1), F.S., supra, waives sovereign immunity in tort actions against the state or its agencies or subdivisions to recover money damages for injury or loss of property, personal injury, or death caused by an employee of the agency or subdivision. Such injury or damage must have been sustained while the employee was acting within the scope of his or her office or employment and under circumstances in which the state would be liable if it were a private person.[6]
Limited immunity from civil liability in tort actions for certain officers and employees of the state or its subdivisions is provided by s. 768.28(9)(a), F.S. (1988 Supp.), as follows:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .
As used in this act, `state agencies or subdivisions' include the judicial branch.[7] The clerk of court would clearly be a member of the judicial branch of government. Thus, the provisions of s. 768.28(9)(a), F.S. (1988 Supp.), would protect the clerk from personal liability in a tort action brought as a result of `any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function' unless the clerk `acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'
Therefore, an action against the clerk of court for damages caused by the clerk while acting within the scope of his or her office would not subject the clerk to personal liability but would limit recovery to an action against the clerk in his or her official capacity.[8]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, AGO 78-7.
[2] Id.
[3] See also, AGO 76-60 which sets forth the general procedure for issuing these licenses.
[4] See also, State ex rel. Richardson v. Lawrence, 163 So. 231
(Fla. 1935), in which The Supreme Court of Florida stated that a county court judge is authorized and required to issue a marriage license only in the event that there appears to be no impediment to the marriage; moreover, it is the duty of the parties seeking a marriage license to demonstrate, if the judge so requires, that there is no impediment to the marriage.
[5] See, AGO 76-60 (s. 741.04, F.S., merely requires the filing of an affidavit reciting the true and correct ages of the parties and does not require an independent investigation on the part of the issuing authority as to the applicants' true ages.)
[6] See also, s. 768.28(5), F.S. (1988 Supp.), establishing the monetary limitations of the state's waiver of sovereign immunity at $100,000 for a claim or judgment by one person or $200,000 for all claims or judgments arising out of the same incident or occurrence.
[7] Section 768.28(2), F.S. (1988 Supp.)
[8] Cf., AGO's 89-2 and 88-16 discussing state and federal liability of the state attorney and a chief circuit judge.