PER CURIAM.
The plaintiff below, Ernest H. Guise, appeals a final decree entered for the defendant, Maria DeSilva Shuman. The plaintiff’s amended complaint for declaratory decree sought a decree, declaring him to be the owner of certain real property in Monroe County, Florida.
*36 The final decree entered for the defendant recited that the court had heard testimony, examined and reviewed the documentary evidence, exhibits and the briefs filed on behalf of the parties.
The final decree contained, in part, the following findings:
í¡í *1»
“(10 That the Plaintiff deraigns his title from Edward PI. Ramsey and Jean B. Ramsey, his wife, by deed dated July 31, 19S2, and the Ramseys obtained title from the Trustees of the Internal Improvement Fund of the State of Florida according to Tax Deed executed on November 4, 1943. In said Deeds the property was described as follows, to-wit:
“Part of Government Lot 1 and Part of the SW J4 of the NW J4 on the Island of Key Largo in Section 2, Township 60 South, Range 40 East and more particularly described in Deed recorded in Deed Record Book C-5, Page 231 of the Public Records of Monroe County, Florida.
“(c) That on February 6, 1964, a corrective deed was executed by the Trustees of the Internal Improvement Fund to Edgar H. Ramsey which described the property as follows:
“Part of Government Lot 1 and Part of SW J4 of NW J4 Island of Key Largo and recorded in Deed Record Book C-S, Page 231 as recorded in Monroe County, Florida, and more particularly described as follows:
“Beginning at a point on the Atlantic Ocean at Intersection of Lots 1 and 2, Township 60 South, Range 40 East, run thence due West 1880.4 feet, thence North at right angles 440 feet, thence due East to the Atlantic Ocean, thence meandering the shore South to point of beginning, containing 19 acres, more or less, Monroe County, Florida.
“(d) That on February 21, 1964, Edgar H. Ramsey and Jean B. Ramsey, his wife, executed a corrective Supplemental Special Warranty Deed to Ernest H. Guise for the same property described in the corrective deed from the Trustees of the Internal Improvement Fund to Edgar H. Ramsey.
“(e) That the deeds hereinbefore mentioned do not mention Section 3 but only Section 2; that the only time that Section 3 is shown is in Plaintiff’s Exhibit 6 which is a plat prepared by the Defendant and in which Plat the Plaintiff has caused to be marked the parcel of land which he claims and which is located in the SE of the NE (4 of Section 3 and which parcel shows that a road goes through it.
“(f) That the Plaintiff does not claim the said lands by adverse possession but claims the same as being included in the metes and bounds description contained in his deeds. He claims that the said land in Section 3 is owned by him by virtue of the metes and bounds description extending into Section 3.
“(g) That the Plaintiff’s witnesses did not include a surveyor or any person that was familiar with the actual metes and bounds or with the actual location of the property claimed and described in Paragraph (a) hereinabove.
“(h) That the Defendant has claimed ownership and possession of the property described in Paragraph (a) above.
“(i) That the Plaintiff has failed to carry his burden of proof that he is entitled to any land which may be in Section 3 and the Court is unable to determine on the testimony and exhibits herein the actual location of the property. * * * ”
H» 'fc
The plaintiff relies essentially on the corrective deed from the Internal Improvement Fund to Ramsey to establish his right and title to the land in question. This deed contained an ambiguous starting point for its metes and bounds description.
*37 The record shows that the plaintiff never had a survey made of the land in question and did not produce a professional surveyor or engineer at the trial to testify in support of the allegations in the complaint.
A plat upon which the plaintiff also relies was prepared by a registered land surveyor for the defendant, and no testimony was produced concerning the accuracy of the metes and bounds in the legal description of the land in question.
An appellate court will not retry and reweigh testimony and evidence, which are given before a chancellor unless it is clearly demonstrated that the chancellor has misconceived the weight and probative effect of the evidence, has failed to apply the proper rule of law, or has applied an inapplicable rule of law. Joannou v. Joannou, Fla.App.1960, 117 So.2d 40.
There has been no showing that the chancellor’s findings were clearly erroneous and we hold that there was substantial evidence to warrant the findings of the chancellor.
The final decree is therefore
Affirmed.