ALLEN, Chief Judge.
Virgil PI. Osborn and his wife appeal from an adverse final judgment on ap-pellees’ cross-claim declaring that the boundary line contended for by the appellees was the correct one.
The case here arose out of an eminent domain proceeding involving a taking by the State Road Department and Charlotte County.
The proceedings on this appeal do not concern the eminent domain action, only the cross-claim between the appellants and ap-pellees arising out of that action. The specific issue involved is the correct location of the boundary line between the two properties and this in turn depends upon where the original government surveyor in 1872' placed the section corner common to Sections 28, 29, 32 and 33, Township 41 South,. Range 23 East, Charlotte County. A diagram attached to this opinion, although not drawn to scale, will help illustrate the location of the subjects of expert testimony.. The boundary contended by the appellants-is designated by a dotted line. The boundary found by the lower court generally follows, on the map, the Burnt Store Road.
Appellants Osborn own land on the west, side of the Burnt Store Road. Appellees. King and Barker are owners of the land lying on the east side of the Burnt Store-Road. The appellants also claimed land lying on the east side of the road based upon a survey by Lauren E. Britt, who placed the crucial section line, outlined by our dotted line, east of the road.
Appellees contended that the section line lay within the road right-of-way as shown by an earlier survey of Carl E. Johnson.
At the trial, surveyor Johnson testified that the corner common to Sections 28, 29,. 32 and 33 was located within the road right-of-way, whereas surveyor Britt testified' that the corner was located some 465 feet to-the east. Two other surveyors, T. O. Perry and Archie Brown, testified in support of' the Britt survey. No other surveyor testi *913 fied in support of Johnson. After hearing both expert and lay testimony for three days, the trial judge found that the Johnson corner was the true corner and ruled in favor of appellees.
We have read the testimony, viewed the various exhibits, studied the various surveys mentioned in the briefs of the parties and come to the conclusion that the able trial judge had a factual question before him as to where the disputed corner existed. The trial judge had the power to decide which of the professional witnesses to believe, therefore, we adopt his opinion as the opinion of this court and affirm his decree.
Quoted in full, the opinion states:
“This cause came on for trial before the Court at Punta Gorda, Charlotte County, Florida, November 22, 1965. The issues tried by consent of the parties were those set forth in the Court’s Pre-Trial Order dated November 22, 1965.
“All of the testimony in this cause was taken in the presence of the Court on November 22, 23 and 24, 1965, including the testimony of four surveyors. Subsequent to the trial opposing counsel filed written arguments and citation of authorities. After considering the transcript of testimony, which was made available to the Court by agreement of the parties, the exhibits introduced into evidence and the written arguments of counsel, and having personally heard the testimony of the witnesses at the trial, the Court finds as follows:
“1. Both Cross-Claimants and Cross-Defendants presented expert testimony that the disputed corner in this cause, being the corner common to Sections 28, 29, 32 and 33 in Township 41 South, Range 23 East, could not be proven by the witness trees called for in the Government Field Notes. This is not surprising since Cross-Claimants’ surveyor, Carl E. Johnson, first searched for evidence of the corner in 1949, some 77 years after the government survey, and Cross-Defendants’ surveyor Lauren E. Britt first made-search in 1956, or 84 years later. During the period prior to 1949 there had been considerable road construction, clearing and occupation in the area. Having failed to find witness tree proof of the corner, both surveyors resorted to secondary or collateral evidence of its location.
“2. In evaluating the collateral or corroborating evidence presented by both sides, the Court is most impressed by the consistent occupation which grew up along the Burnt Store Road after its construction in 1925. Certainly there was better original evidence of the disputed section corner in the 1920’s than there was three decades later. After the road construction in 1925, occupation arose in a consistent pattern over a considerable distance, record owners in Sections 29 and 32 claiming to the road on the west side and the owners in Sections 28 and 33 claiming to the road on the east side. This occupation is rather clearly demonstrated by the aerial photograph taken in January, 1952. Additionally, the County Commissioners’ Minutes reveal that the 1925 road was built along an old road grade on the section line dividing Sections 28 and 29 and dividing the northerly portions of Sections 32 and 33. There was no evidence that anyone found traces of an old road grade east of the present Burnt Store Road alignment.
“3. Other evidence strongly tending to corroborate the so-called ‘Johnson line’ is summarized as follows:
a. The old Carney and Sandlin plat, which appears to be based upon a survey executed in 1887, is more closely conformable to the 'Johnson line’ than the ‘Britt line.’
*914 b. The Davis plat showed the road as running along the section line whereas Britt placed the section line east of this portion of the road.
c. The plans for the 1925 County Road Project showed the disputed corner as being located within the road right-of-way.
“4. The north and south lines of Section 28 as surveyed by Britt are more disproportionate in length than the north and south lines of the same section as surveyed by Johnson.
“5. Based upon the foregoing findings, the Court further finds that the true line dividing Sections 28 and 29 is the ‘Johnson line’; that the true line dividing Sections 32 and 33 is the ‘Johnson line’; and that the true location of the corner common to Sections 28, 29, 32 and 33 is the ‘Johnson corner’.
“Having adopted the foregoing findings, the Court further finds that Cross-Claimants PINELLAS GLADIOLUS, INC, KING and BARKER are entitled to have judgment entered in their favor upon their cross-claims against Cross-Defendants RIDDLE-SPIIELDS CORPORATION, OSBORNE and LOCK-LEAR, whereupon
“IT IS ORDERED AND ADJUDGED as follows:
(a) That the line dividing the property of PINELLAS GLADIOLUS, INC, in Section 33 from the properties of RIDDLE-SHIELDS CORPORATION, WINDHAM, RINGENBERG and HER-ENDEEN is hereby declared to be the section line as surveyed by Carl E. Johnson and shown as the ‘Johnson line’ on the State Road Department right-of-way maps on file in this cause.
(b) That ownership of the parcel described in these proceedings as SRD #121.1, 121.2 is hereby confirmed in PINELLAS GLADIOLUS, INC, and the claims of RIDDLE-SPIIELDS CORPORATION, C. P. WINDHAM and LILLIE WINDHAM, ILIF I. RINGEN-BERG and HAROLD H. HERENDEEN and RACHEL I. HERENDEEN to land lying east of the ‘Johnson line’ are hereby declared to be void.
(c) That the line dividing the property of DONALD J. BARKER and VIRGINIA M. BARKER in Section 28 from the property of VIRGIL H. OSBORN and META OSBORN in Section 29 is hereby declared to be the section line as surveyed by Carl E. Johnson and shown as the ‘Johnson line’ on the State Road Department right-of-way maps on file in this cause.
(d) That ownership of the parcels described in these proceedings as SRD #127.1-R, 127.2 and SRD #128.1-R, 128.2 is hereby confirmed in DONALD J. BARKER and VIRGINIA M. BARKER, and the claim of VIRGIL H. OSBORN and META OSBORN to land lying east of the ‘Johnson line’ is hereby declared to be void.
(e) That the line dividing the property of FRED B. KING and THELMA B. KING in Section 28 from the property of VIRGIL PI. OSBORN and META OSBORN and S. E. LOCKLEAR and GLADYS A. LOCKLEAR in Section 29 is hereby declared to be the section line as surveyed by Carl E. Johnson and shown as the ‘Johnson line’ on the State Road Department right-of-way maps on file in this cause.
(f) That ownership of the parcel described in these proceedings as SRD #129.1, 129.2 is hereby confirmed in FRED B. KING and THELMA B. KING, and the claims of VIRGIL H. OSBORN and META OSBORN and S. E. LOCKLEAR and GLADYS A. LOCKLEAR to land lying east of the *915 ‘Johnson line’ are hereby declared to be void.
(g) Cross-Claimants shall recover their costs herein expended from Cross-Defendants. Said costs shall hereafter be assessed by order of this Court.
“DONE AND ORDERED in Chambers at Fort Myers, Florida, this 30th day of March, 1966.
“s/ LYNN GERALD Circuit Judge”
The State Road Department of Florida appears as an appellee in this case but is not interested in the result of this action. In its brief it requests this court not to allow any attorneys’ fees against it for the benefit of either the appellants or the ap-pellees.
We do not find that the opinion of the lower court assessed any costs against the State Road Department so actually the request of the State Road Department is, in effect, for an advisory opinion from this court, which we decline to give.
Affirmed.
SHANNON, J., and PHILLIPS, CHARLES M., Jr., Asosciate Judge, concur.