PER CURIAM.
Appellants bring this appeal from a final decree entered in appellee’s suit for the establishment of a boundary line.
Appellee, as trustee, is the owner of certain lands in Lee County known as Little Pine Island. Appellants hold the surrounding sovereignty lands in trust for the State. Appellee sought to have the boundary line separating the parties’ respective lands declared to be the original meander line contained' in a United States survey made in 1875 by one H. Jenkin. The Chancellor heard evidence on the matter and entered the appealed decree, in which he declared the boundary line to be the aforesaid meander line, on the following grounds:
“That the line of mean high tide as to the above described lands is not locatable with any legal precision, the allowance for error in its location varying from several hundred feet to a quarter of a mile; that after the said lands were patented to the state under the Swamp Lands Act, they were conveyed out of the state by the Defendants [appellants] to the first private owners by deed reciting the acreage being conveyed, which acreage was presumptively the area within the meander lines of the Jenkin’s survey of 1875; that after mesne conveyances, Plaintiff [appellee] took title to said lands by the same legal description, both from his predecessors in title and by quit claim deed from the Defendants; that since 1956, Plaintiff has paid the real property taxes on said lands on an acreage basis that has approximated the acreage within the ' said meander lines * H= * ”
*699 Appellants assert that the appealed decree is unfounded in law and fact.
An examination of the record discloses substantial competent evidence to support the Chancellor’s findings. His decree comes to this court clothed with a presumption of correctness, and appellants have failed to demonstrate any reversible error therein.
We have thoroughly considered appellants’ other assignments of error and find them to be without merit. The appealed decree is accordingly affirmed.
Affirmed.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.