REED, Judge.
This is an appeal from a final judgment in an ejectment suit. The plaintiff-appellant is Richard A. Drake. The appellees are the City of Fort Lauderdale and Humble Oil & Refining Company. No issues were actually tried as to Humble Oil & Refining Company and no further reference to that defendant is necessary.
The plaintiff filed a complaint in the Circuit Court for Broward County, Florida, on 17 May 1967 alleging that he owned the fee simple title to a parcel of real property in Broward County, Florida, of which the defendants were possessed. The plaintiff attached a chain of title to his complaint. It indicates that his father and mother acquired the land in question by a deed dated 29 April 1922. The chain also indicates that the plaintiff acquired title to the property upon the death of his mother by a testamentary devise.
The answer of the City of Fort Lauder-dale denied the material allegations in the complaint and alleged that the City owned the title to the property in dispute. The answer admitted that the defendant City had possession of the property and refused to deliver the same to the plaintiff.
The cause was tried before the trial court without a jury. On the 30th day of August 1968 the trial court entered a final judgment in favor of the City which adjudicated the City to be the fee simple owner of the real property in dispute. The present appeal was taken from the final judgment.
The broad issue before this court is whether or not the final judgment is contrary to the manifest weight of the evidence.
The disputed parcel of land allegedly lies east of land deeded by the plaintiff’s father and mother, Samuel L. Drake and Alice R. Drake, to the defendant-City and west of a right of way for highway purposes conveyed by the said Samuel L. Drake and Alice R. Drake to the State Road Department of the State of Florida. The deed to the City and the deed of the right of way to the State Road Department were both dated and acknowledged on 12 November 1926. The disputed parcel is triangular in shape. The base of the triangle which forms the northern boundary of the disputed parcel is 1.58 feet in length. One side of the triangle is 225.8 feet in length and the other is 226.15 feet in length.
The basic fact issue before the trial court was whether or not the disputed parcel was included within the land deeded to the defendant-City by the plaintiff’s father and mother in the 1926 deed mentioned above. The issue centers around a call in that deed which describes the north side of the land conveyed. The call reads, “ * * * [Tjhence east 27 feet to a point * * If this call carried to the west line of the highway right of way described in the deed from the elder Drakes to the State Road Department mentioned above, then the disputed parcel would have been included within the description of the land conveyed to the City of Fort Lauderdale. A survey introduced in evidence by the plaintiff tends to show that the call when placed on the ground falls 1.58 feet short of reaching the right of way line. Evidence outside of *711 the deed, however, indicates that the parties intended the call to reach the west right of way line, in which event no gap would exist between the land thus deeded to the City and the west side of the State Road Department’s right of way.
Extrinsic evidence may not be used to determine what the boundaries in a deed are where the description is clear and unambiguous. Andreu v. Watkins, 1890, 26 Fla. 390, 7 So. 876. In the present case the description in the deed from the plaintiff’s father and mother to the defendant City of Fort Lauderdale appeared regular on its face, but the plaintiff’s own witness who prepared the survey introduced in evidence by the plaintiff testified that the call for the north boundary of the tract described in the deed could not be applied to the ground without more information. This was a sufficient showing of a latent ambiguity to have justified the trial court in relying on extrinsic evidence as to the circumstances surrounding the conveyance and the situation of the parties to determine the intent of the parties as to the boundaries in the deed. See 23 Am.Jur.2d, Deeds, § 249, et sequi. The fact that both deeds, that is, the deed to the City and the deed to the State Road Department, were executed on the same day and the unusable size of the claimed parcel tend to indicate that the parties intended no hiatus to exist between the two tracts. A map introduced in evidence by the City as an ancient document supports this conclusion. The map purports to illustrate the land that was to be received by the defendant-City from the plaintiff’s father. The map bears the date of 20 October 1926 which is less than one month prior to the execution of the deed to the City. The map clearly showed the north boundary of the tract to be deeded to the City by plaintiff’s parents as running to the west right of way line of the State Road Department, although depicted on the map as being only 27 feet in length. The map also shows the east side of the tract to be deeded to the City as coinciding with the west boundary of the said right of way line. The plaintiff has assigned as error the admission into evidence of this map. We are of the opinion that it was admissible as an ancient document relating to the circumstances surrounding the conveyance to the defendant-City. The map appeared to be regular on its face, bore a date resembling the rest of the document, and appeared from the date to have been over thirty years of age. Also the map came from a proper custody, to-wit, the office of the defendant’s City Engineer. Clark v. Cochran, 1920, 79 Fla. 788, 85 So. 250, and 32A C.J.S. Evidence § 747b, 1964. In our opinion, this evidence was sufficient to permit a finding that the north call in the aforesaid deed to the defendant-City ran to the westerly right of way line $f the highway and that the description in the deed, therefore, included the disputed parcel.
One of the witnesses for the plaintiff testified that he heard the elder Mr. Drake, at a meeting of the City Commission of Fort Lauderdale, approximately ten years after the execution of the deed to the City proclaim that he (Mr. Drake) intentionally withheld the disputed parcel from the deed to the City. This testimony was stricken on a motion of the defendants. The plaintiff argues that this was error. The plaintiff contends that the testimony was admissible under various exceptions to the hearsay rule. We conclude that there was no error in excluding the self-serving declaration. It was not coupled with any evidence relating to possession and, therefore, could not constitute proof of a practical construction of the deed by the parties. Cf. Harrison v. Speer, 1927, 94 Fla. 937, 114 So. 515. Furthermore, the statement was made so long after the transaction that it could not have been competent to show the circumstances surrounding the transaction. The declaration was purely a self-serving statement and properly stricken.
We notice that the description of the disputed parcel as set forth in paragraph number one of the final judgment contains a *712 typographical error. The description reads: “A parcel of land in Broward County, Florida, described as: Beginning at a point 465 feet East of and 845 feet North * * (Emphasis added.) The figure “845” should have been “845.8”. The final judgment is hereby modified to that extent and as thus modified is affirmed.
Affirmed.
CROSS, C. J., and ADAMS, ALTO (Ret.), Associate Judge, concur.