318 So.2d 416 (1975)
LAWYERS TITLE GUARANTY FUND, a Business Trust of the State of Florida, Appellant,
v.
MILGO ELECTRONICS, a Florida Corporation, Appellee.
No. 74-1540.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 15, 1975.
*417 Taylor, Brion, Buker, Hames & Greene and Arnaldo Velez, Miami, for appellant.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The question involved in this appeal is the liability of a title insurance company on a title policy written at the time the appellee purchased a tract of land.
The policy in question covered Tract 17 of Section 27, Township 53 South, Range 40 East, according to the Plat of Florida Fruit Lands Company's Subdivision No. 1, Recorded in Plat Book 2, Page 17, of the Public Records of Dade County, Florida. The plat in question showed a blank space between tract 17 and tract 16 to the east [a copy of a portion of this plat, as prepared by the County engineering department is attached as a footnote].[1] A survey secured at the time of the closing of *418 the transaction disclosed a 15' easement outside of tract 17 to the east [see a copy of a portion of the survey noted in footnote].[2]
Subsequent to the transaction closing and the issuance of the title policy, Milgo [as plaintiff] brought an action to enjoin The Executive Center, Inc. from the use of the 15' strip in question. Executive answered, contending that it had a right to use this strip for ingress and egress and that same was not within tract 17. Milgo called upon the title company to defend this action; the title company declined to do so upon the ground that the strip in question was outside of tract 17 and, therefore, not covered by their title policy. Milgo lost its action against Executive, that court in effect determining that the 15' was not within tract 17.[3]
Thereafter, Milgo instituted the instant suit, contending that the title company was liable on its policy for damages, attorney fees, and costs incurred in the earlier action and in the current action. A judgment resulted in favor of Milgo. We reverse.
It is clear from the plat that there was a vacant strip of land between tract 17 and tract 16 to the east.[4] The appellee took title to the subject land by a deed of conveyance which described the property by reference to the plat, and particulars appearing on the plat are to be regarded as if expressly set forth in the deed. Kahn v. Delaware Securities Corp. *419 114 Fla. 32, 153 So. 308; Bishop v. Johnson, Fla.App. 1958, 100 So.2d 817; Spencer v. Wiegert, Fla.App. 1959, 117 So.2d 221. Therefore, the appellee is charged with actual or constructive knowledge of the existence of a vacant strip of land lying to the east of its platted property. In addition, the survey [which Milgo had at the time of its closing on its purchase of tract 17] demonstrated that the 15' was outside of tract 17.
Schedule B, § 6 of the policy of insurance issued herein clearly states that the guarantee is subject to any easements and other encumbrances appearing in the plat or drawings referred to under Schedule A-3 [the description of the property guaranteed]. Therefore, the appellee having notice of this vacant strip of land, which the policy clearly excludes from its guarantee, is not entitled to recover damages allegedly pertaining to said strip of land.
Furthermore, the policy [under § 4(2) of the conditions] clearly excludes from the guarantee "* * * the title and rights of the owner * * * beyond the boundaries of the property described * * * in any streets, roads, lanes or alleys or other ways in or upon which said property abuts * * *". As a result, the appellant could incur no liability upon the trial court's determination that the vacant strip of land created an easement for right of way for ingress or egress.[5]
Therefore, it appearing that the strip in question was not a part of tract 17 and it was not covered by the title insurance policy, the final judgment under review was erroneously entered and the same be and it is hereby reversed and set aside, with directions to dismiss the plaintiff's complaint and cause of action at the cost of the plaintiff.
Reversed and remanded, with directions.
NOTES
[1] ">1.

[2] ">2.

[3] It would appear that the doctrines of law of the case and/or estoppel by judgment could not be applied against the appellee in the case sub judice. See: McGregor v. Provident Trust Company of Philadelphia, 119 Fla. 718, 162 So. 323; Pennsylvania Insurance Company v. Miami National Bank, Fla. App. 1970, 241 So.2d 861.
[4] This appears on the plat to be an extension of N.W. 82nd Avenue running north and south.
[5] Nothing contained herein should be construed as determining the appellee's right to assert any claim of title it might have in said strip of land, pursuant to the holdings in Servando Building Company v. Zimmerman, Fla. 1956, 91 So.2d 289; Langston v. City of Miami Beach, Fla.App. 1971, 242 So.2d 481.