CAWTHON, VICTOR M., Associate Judge.
This is an appeal from a final judgment which establishes the boundary between two parcels of property and orders that corrective deeds be given by the seller, Hoer, to the two litigating owners, Marshall and Johnson. Campers and Hunters, Inc., subsequently bought from Marshall. Hoer had attempted to divide his property into two parcels with equal water frontage and equal road frontage.
Hoer first dealt with Marshall and a binder dated April 11, 1973, was signed in which the property was described as “property of 187 ft. on the water and 2,100 feet deep . . . .”
Later, on May 5,1973, Hoer and Marshall signed a more formal contract to buy and sell in which the following description appeared:
That part of the West 271.93 feet of the East 1,087.72 feet of Lot 2, Section 12, Township 2 South, Range 27 West, Santa Rosa County, Florida, lying East of the centerline of a road extending North from South line of Section 12, Township 2 South, Range 27 West through the tract to the shores of East Bay and having a frontage of approximately 187 feet on the water according to a plat prepared by Stanley Poole on January 15, 1973 less that part within State Road S-399 and subject to any easement in favor of Gulf Power Company. 135.96 feet to the west of the east line 2,154.79 feet from State Road S-399 North to East Bay. The western line from State Road S-399 North to East Bay 2,284 feet.
The foregoing description was a synthesis of that prepared by Hoer’s lawyer, who prepared the contract, and lines — beginning with the numbers 135.96 — added by Marshall before the contract was signed by the parties.
Later, Hoer gave Marshall a deed which described the property as it had originally been described in the contract to buy and sell; i. e., without the lines added by Marshall.
Subsequent to the execution of the contract to buy and sell, Marshall had several documents prepared which contained the same description shown in the signed contract to buy and sell. One of these, a *707 consent to assignment, was executed by Hoer on August 27, 1973.
Hoer next dealt with Johnson, principally through a realtor, and gave him a deed containing the following description:
The West 135.96 feet of the East 1,087.72 feet of Lot 2, Section 12, Township 2 South, Range 27 West, Santa Rosa County, Florida, lying West of the centerline of a road extending North from the South line of the property to the shores of East Bay and having a frontage of approximately 187 feet on the water according to a plat prepared by Stanley Poole on January 15, 1973.
Subsequent documents prepared by Johnson contained that description.
The only dispute among the parties is whether the Johnsons and the Marshalls should each have 187 feet of shoreline or a common border which would be a straight line from State Road S-399 and would give the Marshalls approximately 80 feet more shoreline than the Johnsons.
The documentary evidence is consistent with Marshall’s position that the amended description was the one agreed upon by the parties, but it is also consistent with Hoer’s position that he never receded from his intention that the beach front should be divided evenly.
There is no peisuasive evidence as to how the ambiguities in the amended description should be resolved.
The testimony of Hoer and Marshall concerning their negotiations prior to the amendment are diametrically opposed and this is the only testimony concerning the communicated intentions of the parties which would have probative force.
The testimony of the parties and others concerning landmarks and their conduct on the ground is not helpful because at the times testified to, the parties did not have the benefit of relevant monuments placed by a surveyor and neither claims land by acquiescence or adverse possession but only up to the true line.
Although unrecorded, the plat prepared by Stanley Poole was a part of every description used among the parties up until the beginning of this controversy, except that contained in the April 11 binder, some twelve in number, and the designation of a waterfrontage of 187 feet was used in every one without exception.
Furthermore, the plat referred was examined by Marshall prior to his amending the description in the agreement to buy and sell and at that time it showed clearly two adjacent parcels of land with waterfrontage of approximately 187 feet each and a common boundary which went Northward from the State Road S-399 and turned to the right approximately 2,184 feet by scale from the right-a-way of the road.
When Marshall amended the description, he did not delete the reference to the plat nor the waterfront call. The distance in his call for the western boundary of his property would not reach the waterfront from the road and we do not think it coincidental that it is just 100 feet longer than the distance shown on the plat from the road to the point at which the boundary turns East.
Given a plat drawn to scale, and referred to in all detailed descriptions, and from which the legal description could be fairly determined, we think that it and the provisions for beach frontage in the descriptions, which are consistent with those in the plat, should prevail over an ambiguous amendment.
We therefore, hold that there being no parole evidence from which the intention of the parties can be determined other than that they intended the inclusion of the amendment to the description, the rules of construction require that the common boundary between these properties begin at a point on the northern right-a-way of State Road S-399 halfway between the intersections of the right-a-way with the Johnson’s West boundary and the Marshall’s East boundary and go thence North 2,184 feet to a point and thence Northeast-ernly to a point on the mean high waterline of East Bay equidistant on the meander line of that mean high waterline and its intersections with the Johnson’s western boundary and the Marshall’s eastern boundary.
*708 The case is remanded for the entry of a judgment consistent with this opinion.
MILLS and ERVIN, JJ., concur.