392 So.2d 249 (1980)
Frank MARSHALL and Wife, Dorothy N. Marshall, and Campers and Hunters, Inc., Petitioners,
v.
Billy JOHNSON and Wife, Martha E. Johnson; Gerhard P. Hoer and Wife, Martina F. Hoer, Respondents.
No. 56559.
Supreme Court of Florida.
October 16, 1980.
Rehearing Denied January 28, 1981.
*250 W. Christopher Hart of Clark, Partington, Hart & Hart, Pensacola, for petitioners.
Louis F. Ray, Jr., Pensacola, for respondents.
SUNDBERG, Chief Justice.
This case involves a boundary dispute between adjoining property owners arising from ambiguous deeds from their common grantor. The trial court decided in favor of petitioners but the judgment was reversed on appeal to the District Court of Appeal, First District. Johnson v. Marshall, 382 So.2d 706 (Fla. 1st DCA 1979). We hold that the district court improperly substituted its judgment for that of the factfinder by reevaluating the evidence, thus conflicting with our decisions in Delgado v. Strong, 360 So.2d 73 (Fla. 1978); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972).[1] We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972).
We will briefly recount the facts which are set out in more detail in the district court opinion below. The common grantors, the Hoers, sold the eastern half of their property to the Marshalls and then sold the western half of their property to the Johnsons. The land is located between State Road S-399 and East Bay, with the boundary line between the two parcels running north from the road to the bay. Because of the irregular shape of the bay, a boundary line bisecting the parcels would give the Marshalls about 227 feet of shoreline and the Johnsons only about 148 feet. The Johnsons contend therefore that at a point near the bay, specifically at the southeast corner of a pond, the boundary line is to run in a northeasterly direction to a point on the shore which would give both landowners approximately 187 feet of shoreline as called for in the deeds conveying the property to the Johnsons and the Marshalls, and consistent with the testimony of Hoer that he intended to divide the beachfront evenly. The boundary dispute is illustrated by the plat prepared by Stanley Poole which is attached to this opinion as Appendix A. The dark center line depicts the boundary as alleged by the Johnsons. The Marshalls, on the other hand, contend that their amendment to the contract language shows that the Hoers agreed to a boundary line which continues to run in a due north direction as indicated by the series of dashes which commence at the point near the bay where the dark line turns in a northeasterly direction.[2]
*251 The Johnsons filed an action of ejectment against the Marshalls who in turn counter-claimed for damages and prayed for an order establishing the boundary. The Marshalls also filed a third-party complaint against the Hoers seeking reformation of the warranty deeds to the Johnsons and themselves. Because of the ambiguity in the language of the deeds describing the property conveyed, considerable extrinsic evidence in the form of documents and testimony was presented at trial in an effort to shed light on the intent of the parties involved.[3] After hearing the evidence the trial judge denied the Johnsons' claim for relief and established a boundary line in accordance with the position of the Marshalls. The district court reversed, however, finding that the parol evidence dictated a result in favor of the Johnsons.
In reversing the trial court the district court undertook an analysis of the parol evidence presented at trial. In doing so the district court reweighed the evidence in contravention of the rule announced in Westerman v. Shell's City, Inc., supra. In Shaw v. Shaw, 334 So.2d at 16, we stated:
It is clear that the function of the trial court is to evaluate and weight the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test, as pointed out in Westerman, supra, is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject "inherently incredible and improbable testimony or evidence," it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court. [Footnote omitted.]
The district court itself recognized the conflicting evidence presented at trial as shown by the following passage:
The documentary evidence is consistent with Marshall's position that the amended description was the one agreed upon by the parties, but it is also consistent with Hoer's position that he never receded from his intention that the beach front should be divided evenly.
There is no persuasive evidence as to how the ambiguities in the amended description should be resolved.
The testimony of Hoer and Marshall concerning their negotiations prior to the amendment are diametrically opposed and this is the only testimony concerning the communicated intentions of the parties which would have probative force.
382 So.2d at 707. We have carefully reviewed the record and likewise find that conflicting evidence was presented which would support the position of either of the sides. Consequently, we must defer to the findings of the trial judge who was in a better position to determine the parties' probable intentions based on his observance of their demeanor on the stand. We hold that there is substantial competent evidence to sustain the trial court's judgment.
Accordingly, the petition for certiorari is granted and the decision of the District Court of Appeal, First District, is quashed. We remand this case to the district court with directions to affirm the judgment of the trial court.
It is so ordered.
ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.

NOTES
[1] Conflict also appears with the following decisions specifically involving boundary disputes. Trustees of the Internal Improvement Fund v. Wetstone, 209 So.2d 698 (Fla. 2d DCA 1968), aff'd, 222 So.2d 10 (Fla. 1969); Osborn v. King, 194 So.2d 912 (Fla. 2d DCA 1967); Guise v. Shuman, 188 So.2d 35 (Fla. 3d DCA 1966); Bittner v. Walsh, 132 So.2d 799 (Fla. 1st DCA 1961).
[2] The deeds from Hoer to the Marshalls and the Johnsons both refer to the plat prepared by Stanley Poole on January 15, 1973, in their description of the property conveyed. Unfortunately, the original plat contained only the external boundaries of the entire Hoer tract. The center line was later added by Hoer and as a result the Poole plat does not provide any guidance in resolving the ambiguous deed language. See Neves v. Flannery, 111 Fla. 608, 149 So. 618 (1933); Lawyers Title Guaranty Fund v. Milgo Electronics, 318 So.2d 416 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 602 (Fla. 1976); Connelly v. Smith, 97 So.2d 865 (Fla. 3d DCA), cert. denied, 101 So.2d 811 (Fla. 1957).
[3] The deed language is quoted in the district court opinion below. The parties do not dispute the ambiguity of the language nor the propriety of introducing parol or extrinsic evidence in ascertaining the intended boundary between their parcels of land. See Routh v. Williams, 141 Fla. 334, 193 So. 71 (1940); Drake v. City of Fort Lauderdale, 227 So.2d 709 (Fla. 4th DCA 1969); Burgess v. Pine Island Corp., 215 So.2d 755 (Fla. 2d DCA 1968).