403 So.2d 1117 (1981)
Gail SUDBERRY and Marie L. Sudberry, Appellants,
v.
Alan D. LOWKE and Evelyn G. Lowke, His Wife, and Abstract and Title Corporation of Florida, Appellees.
No. 81-130.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
*1118 Jack A. Kirschenbaum of Wolfe, Kirschenbaum Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellants.
William E. Weller of Rose & Weller, Cocoa Beach, for appellees Lowkes.
Charles M. Harris of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee Abstract and Title Corp.
ORFINGER, Judge.
Appellants contend that the trial court erred in dismissing their second amended complaint with prejudice. The issue on appeal is whether they stated a cause of action against the defendants, or either of them, because the defendants failed and neglected to advise them that the mortgage they were assuming bore interest at 11% per annum instead of the 9 1/2% rate for which they had contracted when they agreed to purchase the subject real estate.
The complaint alleges that when appellants contracted to purchase a parcel of real estate from Lowke, both parties selected appellee Abstract and Title Corporation of Florida (Title Company) as closing agent. The contract provided for the assumption by the buyers of an existing institutional mortgage with an interest rate of 9 1/2% per annum, and it further provided that if the mortgage contained a provision requiring the lender's prior approval for assumption of the mortgage, or if the lender had the option to increase the interest rate upon a conveyance of the realty, the buyers had the option to cancel and rescind the contract. The title company received the appropriate mortgage information from the lender, advising that the lender intended to increase the interest to the then current rate. The title company did not notify the buyers of the proposed increase and the transaction was closed. First learning of the increase in the interest rate after the closing, the buyers sought damages against the Lowkes and the Title Company.
With respect to the Lowkes, we find no error in the dismissal of the complaint. There is nothing in the contract which obligates the sellers to convey the property with a 9 1/2% mortgage, but merely obligates the sellers to provide a statement from the lender detailing the status of the mortgage. The contract provides that if the lender's approval is required, or if the lender has the right to and proposes to increase the interest rate, the purchaser may rescind. There is no allegation in the complaint that the Lowkes knew of the lender's proposed intention to increase the interest rate.
With respect to the dismissal of the complaint against the title company, we find error and reverse. As the agent for the buyer, the title company had an obligation to disclose to its principal all material facts relevant to the agency. Connelly v. Special Road & Bridge District, 99 Fla. 456, 126 So. 794, 71 A.L.R. 923 (1930); 2 Fla. Jur.2d Agency and Employment, § 62 (1977). Count IV of the second amended complaint, addressed to the title company, alleges this duty, alleges a breach of this duty in the failure of the title company to disclose the proposed increase in the interest *1119 rate and damage to the appellants resulting therefrom.[1] The trial court therefore erred in dismissing Count IV of the second amended complaint and should have required the title company to respond.
The order dismissing Count III is affirmed, and order dismissing Count IV is reversed and the cause is remanded for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] Appellee Title Company suggests that damages were improperly alleged because appellant stated only that they were "required to assume an increased mortgage, not that they had actually done so." If appellants have no actual damages, this fact will be revealed at trial. At this point, damages are sufficiently alleged.