SMITH, McFERRIN, Associate Judge.
Appellant, the former husband, has appealed an amended order of final judgment finding him in arrears in child support payments and awarding appellee, the former wife, $10,796.15.
The parties hereto were granted a final decree of divorce on April 9, 1965. In the decree, appellant was ordered to pay $100 per month in child support. In September, 1967 the parties agreed to waive these support payments for an indefinite period until appellee gave appellant written notice to resume payments.
On January 22, 1981 appellee petitioned the trial court for enforcement of the divorce decree, claiming that appellant was in arrears in his child support payments. The trial court took evidence which included appellee’s testimony that on two occasions (1969 and 1974) she gave the written notice required in the waiver agreement. A letter dated September, 1978 from appellee’s attorney to appellant demanding a resumption of payments was also introduced.
• The trial court found that the parties had waived child support beginning September *989 1,1967 but that it was supposed to resume in the fall of 1969. Since the term “fall” as used in appellee’s testimony was somewhat imprecise, the trial judge ruled that child support was to resume in January of 1970.
Appellant argues that there is no evidence in the record to support the finding of a written demand prior to the attorney’s letter of September, 1978. However, this argument ignores the appellee’s testimony described above. It was for the trial court to evaluate and weigh the appellee’s testimony and to make its finding based on the demeanor and credibility of the witnesses. The only question on appeal is whether the judgment of the trial court is based on substantial, competent evidence. Delgado v. Strong, 360 So.2d 73 (Fla.1978); Marshall v. Johnson, 392 So.2d 249 (Fla.1980). We find that the testimony of record does amount to substantial, competent evidence.
Appellant’s second point on appeal is without merit. Accordingly, the judgment being appealed should be affirmed. Appel-lee’s motion for attorney’s fees on appeal is granted and is further remanded to the trial court for the setting of a reasonable amount.
AFFIRMED.
COBB and SHARP, JJ., concur.