539 So.2d 567 (1989)
Thomas E. DANIEL, et Ux., Appellants,
v.
COASTAL BONDED TITLE CO., et al., Appellees.
No. 88-424.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
*568 Robert Bruce Snow, of Robert Snow, P.A., Brooksville, for appellants.
James A. Martin, Jr., of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellees.

ON MOTION FOR CLARIFICATION
SHARP, Chief Judge.
We grant the motion for clarification, withdraw the prior opinion and substitute therefor the following opinion. Thomas and Janice Daniel appeal from the dismissal of their third amended complaint with prejudice. They argue that the trial court erred in finding their complaint failed to state a cause of action, and that the court erred in dismissing their complaint without a hearing, or notice of impending dismissal if not further amended within a stated time pursuant to Florida Rule of Civil Procedure 1.420(b); Edward L. Nezelek Inc. v. Sunbeam Television Corporation, 413 So.2d 51 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982). Because we think that Daniel's third amended complaint asserts several valid causes of action, we do not reach the procedural grounds.
This suit commenced after the Daniels purchased a home and lot in Hernando County, Florida, in June of 1984. Coastal Bonded Title Co. (Coastal) acted as closing agent for the Daniels as well as title insurance agent for First American Title Company. At the closing, Coastal delivered a commitment for title insurance to the Daniels which contained a standard exception for "easements or claims of easements, not shown by the public records" and "encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises." After the closing was complete, the agent added a handwritten exception for a "2.8' encroachment in rear utility easement as shown on survey."
The Daniels allege that at the time of the closing, Coastal had in its possession a survey which showed encroachments on the north, south and east boundaries of the property. When Coastal issued the title insurance policy to the Daniels, all of the easements and encroachments were excepted from coverage. The Daniels further allege that they have been damaged by these title defects because they have been unable to sell or refinance the property, and they were not provided with the option of not closing due to the encroachments.
The third amended complaint asserts seven counts: Count I  General Allegations; Count II  Breach of the Insurance Contract; Count III  Intentional Breach of a Fiduciary Duty; Count IV  Negligent Breach of a Fiduciary Duty; Count V  Fraud and Deceit; Count VI  Punitive Damages; and a seventh count (incorrectly numbered in the Third Amended Complaint as Count V)  Denial of Insurance Benefits.
Coastal and American urge that the title commitment did not undertake to insure against encroachments or easements not of record, which would be disclosed by a survey. While we agree that the title defects complained of by the Daniels are clearly excepted by the commitment language,[1] we think counts III and IV state a cause of action for failure to disclose prior to closing *569 the existence of the easements and encroachments allegedly then known to Coastal. See Connelly v. Special Road & Bridge Dist. No. 5, 99 Fla. 456, 126 So. 794 (1930); Sudberry v. Lowke, 403 So.2d 1117 (Fla. 5th DCA 1981). Further, if the failure to disclose was done with a fraudulent intent to induce the Daniels to close to promote the title company's self-interest, count V and VI may also state a cause of action. See Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925) and 27 Fla.Jur.2d., Fraud and Deceit § 39 (1981).
Accordingly, we reverse this cause and remand for further proceedings in connection with Counts III, IV, V, and VI consistent with this opinion.
REVERSE AND REMAND.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See Lawyers, Title Guaranty Fund v. Milgo Electronics, 318 So.2d 416 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 602 (Fla. 1976).