585 So.2d 952 (1991)
Eugene CRAWFORD and Margaret Sugar Crawford, His Wife, Appellants,
v.
SAFECO TITLE INSURANCE COMPANY and Gulf Coast Title and Abstract, Inc., Appellees.
No. 89-02893.
District Court of Appeal of Florida, First District.
May 28, 1991.
On Motion for Clarification September 30, 1991.
*953 James W. Middleton, James W. Middleton, P.A., Fort Walton Beach, for appellants.
James S. Campbell, Beggs and Lane, Pensacola, for appellee Safeco Title Ins. Co.
E. Allan Ramey, Ramey & Davis, DeFuniak Springs, for appellee Gulf Coast Title and Abstract, Inc.
BOOTH, Judge.
This cause is before us on appeal from a final order dismissing appellants' first complaint with prejudice. The issues are: (1) whether the complaint states a cause of action for breach of a title insurance policy; and (2) whether the complaint states a cause of action for negligent misrepresentation.
The complaint states that in March 1984, appellants secured from appellees a title insurance binder incident to their purchase of real property located in Walton County, Florida. The binder, incorporated into the complaint, contained exceptions for rights or claims of parties in possession not shown by the public records and boundary line disputes which would be disclosed by an accurate survey. To secure the elimination of the boundary dispute exception *954 from the policy, appellants paid an extra premium for research of the records and secured an up-to-date survey (hereinafter Richardson Survey), which they furnished to appellees.
In July 1984, appellees issued the title insurance policy, and the closing took place. The policy, incorporated into the complaint, provided that:
The Company, at its own cost and without undue delay, shall provide for the defense of an insured in all litigation consisting of actions or proceedings commenced against the insured to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy.
The policy contained an exception for rights or claims of parties in possession not shown by the public records, boundary-line disputes which would be disclosed by an accurate survey, and encroachments shown in the Richardson Survey.
Shortly after the closing, a neighboring landowner notified appellants of her claim, under a deed of record, to a portion of the property described in the policy. The neighboring landowner then fenced approximately one-half acre of the property described in the policy. Appellants notified appellees of the claim but received no response. Subsequently, appellants retained their own counsel and filed suit to quiet title to the disputed property. The neighboring landowner counterclaimed to quiet title to this property. Appellants prevailed in their action to quiet title.
Appellants brought suit against appellees based upon appellees' failure to participate in the quiet-title action. Under Count I, appellants seek to recover their attorney fees and costs expended in the quiet-title action, plus consequential damages. Under Count II, appellants seek damages for misrepresentation of the quality of their title. On appellees' motion, the trial court dismissed the complaint with prejudice.
Appellees argue, and the trial court found, that under the above-quoted policy language, appellants cannot recover under Count I since they, rather than the adjoining landowner, commenced the quiet-title action.
We need not decide whether appellees' obligations under the policy are strictly limited, as appellees contend, to defense of suits brought against the insured, because the complaint here alleges that the adjoining landowner had asserted a counterclaim seeking to quiet title. The assertion of this counterclaim brought the quiet title action within the policy language requiring appellees to provide for the defense of appellants "in all litigation consisting of actions or proceedings commenced against [appellants]."
In dismissing the complaint with prejudice, however, the trial court expressly found that the adjoining landowner's claim was not a title defect within the meaning of the policy for three reasons, viz.: (1) the claim was that of a party in possession not shown by the public records; (2) the claim was in the nature of a boundary dispute which should or would have been disclosed by an accurate survey of the premises; and (3) the Richardson Survey would have disclosed the claim.[1] The first finding overlooks the allegation in the complaint that the adjoining landowner's claim was based upon a deed of record. All three reasons, however, are findings of fact. In considering a motion to dismiss the trial court must take all material allegations of the complaint as true and must confine itself strictly to the allegations within the complaint's four corners. Shahid v. Campbell, 552 So.2d 321, 322 (Fla. 1st DCA 1989); Bryant v. Coordinated Programs, Inc., 534 So.2d 932 (Fla. 1st DCA 1988); Platte' v. Whitfield Realty Company, Inc., 511 So.2d 720, 721 (Fla. 1st DCA 1987). We therefore reverse as to Count I.
In Count II, appellants allege, in pertinent part, that they purchased title insurance in lieu of obtaining an abstract and relied upon the commitment to determine the quality of title prior to closing the *955 transaction. Appellants further allege that appellees failed to undertake a reasonable search and examination of title in accordance with Section 627.7845(1), Florida Statutes, and that appellees' failure to undertake the search or to disclose the defects shown in the public records and Richardson Survey caused them damages.
In dismissing Count II with prejudice, the trial court determined that because the claims were not defects within the meaning of the policy, appellants could not recover based upon appellees' failure to disclose them. This was error.
In Shada v. Title and Trust Company of Florida, 457 So.2d 553, 557 (Fla. 4th DCA 1984), petition for review denied, 464 So.2d 556 (Fla. 1984), the court stated:
We see no reason why the principle applicable to an abstractor [imposing a duty of reasonable care to the purchaser in disclosing record title defects] should not be applied to a title insurance company where it undertakes the duty to schedule record title defects. The use of a title insurance binder or commitment instead of an abstract and an attorney's opinion of title has become commonplace. A title insurance company has a duty to exercise reasonable care when it issues a title binder or commitment and its failure to do so may subject it to liability in either contract or tort.
The title insurer must disclose even those defects exempted by the commitment language where those defects were known to the insurer at the time of closing. Daniel v. Coastal Bonded Title Company, 539 So.2d 567, 568 (Fla. 5th DCA 1989).
Accordingly, we reverse the order dismissing the instant complaint with prejudice and remand for further proceedings consistent herewith.
JOANOS and BARFIELD, JJ., concur.

ON MOTION FOR CLARIFICATION
Appellees seek clarification, arguing that the Florida Supreme Court's opinion in Erskine Florida Properties, Inc. v. First American Title Insurance Company of St. Lucie County, Inc., 557 So.2d 859 (Fla. 1989), precludes imposition of tort liability upon an abstractor or title insurer for negligence in searching for title defects. The rule of Erskine is inapplicable, however, in that in the instant case the parties are in privity, and the complaint, though inartfully drafted, sounds in contract and in negligent misrepresentation in the nature of fraud. Shada v. Title and Trust Company of Florida, 457 So.2d 553 (Fla. 4th DCA 1984), petition for review denied, 464 So.2d 556 (Fla. 1984), stands for, and was cited for, the proposition that a title insurance company has a duty of care similar to that of an abstractor in searching for and disclosing title defects.
The opinion is clarified to the extent indicated herein.
JOANOS, C.J., and BARFIELD, J., concur.
NOTES
[1] The Richardson survey is not part of the record and, in any event, should not have been considered on motion to dismiss, which is limited to the four corners of the complaint.