603 So.2d 29 (1992)
James B. ASKEW, Appellant,
v.
ALLSTATE TITLE & ABSTRACT CO., INC., Appellee.
No. 91-03302.
District Court of Appeal of Florida, Second District.
July 17, 1992.
Rehearing Denied August 20, 1992.
*30 Warren A. Wilson, III, Palm Harbor, for appellant.
Hala A. Sanders of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
E. RANDOLPH BENTLEY, Associate Judge.
Appellant, James Askew, challenges the final order granting summary judgment to appellee, Allstate Title & Abstract Co., Inc., in his action against it for negligence and breach of fiduciary duty in appellee's handling of a real estate closing. Appellant filed the action against appellee after he was sued in a mortgage foreclosure action on the property he sold at that closing and his purchase money mortgage was determined to be inferior to a later mortgage.
Concerning the sale of this property, appellant entered into a contract to sell the property to Security International, Inc. and dealt with its president, David Howard. Before appellant signed the contract he orally objected to the real estate broker about a subordination provision in the contract. The broker told appellant that the provision could be deleted. Although other changes to the contract were handwritten in, the subordination provision was not removed and appellant signed the contract containing the provision. Later, at the closing, in the presence of appellee's agent, appellant expressed concern to Howard about the subordination provision. Howard assured appellant he did not plan to implement the provision and would notify him if he did so. In fact, Howard knew that another closing that same day would create a mortgage on the property senior to appellant's mortgage. It is alleged that appellee's agent also knew of this other closing.
Appellant argued in his complaint that appellee was negligent and had breached its duty to prepare closing documents in accordance with the contract and to disclose relevant facts concerning the transaction to him at closing. We agree that the mortgage was not prepared in accordance with the contract and that summary judgment in favor of appellee, therefore, was not appropriate as a matter of law.
*31 It is well-established that a title insurance company acting as a closing agent has the duty to supervise a closing in a "reasonably prudent manner." Florida Southern Abstract & Title Co. v. Bjellos, 346 So.2d 635 (Fla. 2d DCA 1977). Consequently, the title insurance company has a duty to prepare the closing documents in accordance with the contract for sale. This was not done here. The subordination provision in the contract provided for subordination of appellant's lien to "a present or future senior encumbrance" (singular), while the mortgage language subordinated appellant's lien to "any present or future encumbrances" (plural). This clearly altered the impact of the provision. It no longer had the same effect as the provision in the contract signed by appellant. Thus, appellee did not effect the closing in the manner provided in the contract for sale. Because a cause of action may thus exist against appellee for negligence in preparing the documents for closing, appellee was not entitled to summary judgment as a matter of law.
Since we are reversing the summary judgment on the grounds set forth above, we need not reach appellant's argument that appellee had a fiduciary duty to appellant to disclose the later scheduled closing. While a title insurance company's duty is generally said to be to the buyer (Bjellos; Daniel v. Coastal Bonded Title Co., 539 So.2d 567 (Fla. 5th DCA 1989); Sudberry v. Lowke, 403 So.2d 1117 (Fla. 5th DCA 1981)), we see no reason that this must always be the case. The reason the duty is generally to the buyer is that the buyer would, of course, as the new owner, be more interested in the state of the title.
In this situation, however, the state of the title is not at issue. The problem here stems from the agent's duty as a closing agent, not as a title insurer. Where the title insurance company is acting as closing agent, this court has stated in dicta that the agent also has a duty, as noted above, to both the buyer and the seller to properly supervise the closing. Gerson v. Broward County Title Co., 116 So.2d 455 (Fla. 2d DCA 1959). In this regard, the title agent has a fiduciary duty to both the buyer and the seller, two potentially conflicting parties. While a fiduciary may undertake to represent potentially conflicting interests, where an actual conflict arises, as it did here, the fiduciary's duty is to withdraw from the representation, not to disclose as was argued by appellant. See Conflict of Interest in Real Estate Closing, 68 A.L.R.3d 967, 976 (1976). As observed above, however, we need not reach this issue in our disposition of this appeal.
Reversed and remanded to the trial court for further proceedings consistent with this opinion.
PARKER, Acting C.J., and PATTERSON, J., concur.