664 So.2d 1081 (1995)
Sylvia Gonzalez HURTADO, Appellant,
v.
STEWART TITLE OF MIAMI, INC., Appellee.
No. 95-1207.
District Court of Appeal of Florida, Third District.
December 6, 1995.
Rehearing Denied January 10, 1996.
Bared & Associates and Pablo R. Bared, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and Dennis M. Campbell and Douglas O'Keefe, Miami, for appellee.
Before BASKIN, GODERICH and GREEN, JJ.
*1082 PER CURIAM.
We affirm the final judgment and hold that the trial court correctly determined that the closing agent was not in breach of any duty to appellant. Askew v. Allstate Title & Abstract Co., Inc., 603 So.2d 29, 31 (Fla. 2d DCA 1992). Under the contract, appellant had fifteen days to obtain a termite inspection report; the contract provided that failure to obtain the inspection report within that time would be deemed a waiver of appellant's inspection rights and acceptance of the property in "as is" condition. Appellant did not obtain the reports; therefore, had appellee produced a report at closing appellant would not have been relieved of any contract obligations. Cf. Florida S. Abstract & Title Co. v. Bjellos, 346 So.2d 635 (Fla. 2d DCA 1977) (summary judgment for closing agent error where failure to produce inspection report contravened contract requirements).
Moreover, we hold that appellant's negligence action is barred by the economic loss rule. Economic loss includes "`disappointed economic expectations,' which are protected by contract law, rather than tort law." Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244, 1246 (Fla. 1993).
Affirmed.