PER CURIAM.
Wanda Gryder appeals a final judgment rendered after a non-jury trial in favor of the appellee who acted as her broker in a transaction in which she sold a parcel of real property. Unfortunately, a substantial portion of the selling price was secured by a purchase money second mortgage that was foreclosed by a first mortgagee when the buyer defaulted. The first mortgage was quite large because it encumbered not only the property that Gryder sold, but also surrounding property that was acquired simultaneously with the closing of Gryder’s property. The gravamen of Gryder’s complaint on appeal is that the trial court erred when it found: (1) that her broker did not act as a dual agent for both the buyer and'Gryder, (2) that the broker adequately advised her during changes to the three forms of contracts that were presented to her, and (3) that she was adequately advised of the risk attendant to taking a second mortgage.[1]
The record reflects many disputed factual contentions that were resolved against Gry-der by the trial court and the judgment is supported by the evidence. We find no reason to disturb the decision of the trial court. Marshall v. Johnson, 392 So.2d 249 (Fla. 1980).
AFFIRMED.
PETERSON, C.J. and W. SHARP and HARRIS, JJ., concur.

. We note that Gryder did not seek the services of an attorney in this transaction in which $310,-000 of her assets were at stake. All versions of the contracts were on the customary form approved by the Florida Bar and Florida Association of Realtors that provides in bold print, just above the signature lines: "THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE ADVICE OF AN ATTORNEY PRIOR TO SIGNING.” The evidence does not suggest that Gryder was ever discouraged from seeking advice. In fact, a version of the contract was left with Gryder for several days during which the broker testified that Gryder informed him that she would be seeking advice.